# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lifeng Lee Hsu | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | )     Civil Action No.:   06-401 |
| | ) |
| Great Seneca Financial Corporation, | ) |
| Wolpoff & Abramson, L.L.P. | ) |
| Fox Rothschild, L.L.P. | ) |
| Neal J. Levitsky | ) |
| | ) |
| **Defendants** | ) |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS

**WOLPOFF & ABRAMSON, L.L.P.**

Neal J. Levitsky, Esquire (No. 2092)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 656-2555
Outside Wilm. Area:
1-800-678-0303

Attorney for Defendants

Dated:  August 23, 2006

# TABLE OF CONTENTS

I.     STATEMENT OF FACTS........................................................................................... 4

II.    STANDARD OF REVIEW ......................................................................................... 5

III.   FAIR DEBT COLLECTION PRACTICES ACT ...................................................... 6

IV.    THE ROOKER-FELDMAN DOCTRINE MANDATES DISMISSAL OF THIS  COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION ................................................................ 6

V.     BECAUSE THE STATE COURT JUDGMENT BARS ANY CLAIMS BY  PLAINTIFF THAT THIS WAS NOT HIS DEBT OR THAT DEFENDANTS  VIOLATED THE FDCPA BY CONTACTING HIM, THIS MATTER SHOULD BE  DISMISSED................................................................................ 8

VI.    BECAUSE DEFENDANTS' DELAWARE COUNSEL MAINTAINED THE  LAWSUIT AGAINST PLAINTIFF, PLAINTIFF HAS FAILED TO ASSERT ANY  CLAIMS UNDER 15 U.S.C. SEC. 1692E............. 10

VII.   CONCLUSION ........................................................................................................ 11

TABLE OF CITATIONS

**Other Authorities**

Betts v. Townseds, Inc., 765 A.2d 531, 535 (Del.Supr. 2000) ........................................ 9

Betts, 765 A.2d at 535 ..................................................................................................... 9

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957) ..................... 6

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482-84 n.16 (1983) ........ 7

District of Columbia Court of Appeals, 460 U.S. at 476, 482-84 n.16 .......................................... 8

Doug Grant, Inc. v. Greg Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) ...................... 5

Heintz v. Jenkins, 514 U.S. 291 (1995) ...................................................................................... 6

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) ...................... 6

Johnson v. De Grady, 512 U.S. 997, 1005 (1994) ...................................................................... 7

Ma. Ex. Rel. E.F. v. State-Operated School Dist. of City of New York, 344 F.3d 335, 340 (3d
    Cir. 2003) ............................................................................................................................ 5

Maio v. Aetna, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000) ...................................................... 6

Messick v. Star Enterprise, 655 A.2d 1209, 1211 (Del. 1995) .................................................... 9

Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81, 83, 104 S.Ct. 892 (1984) ...... 9

Pension BN. Guar. Corp. v. White Consult. Industry, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) .. 6

Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) ...................................................... 7

Rooker, 263 U.S. at 415-16 ...................................................................................................... 8

Sturdevant v. Jolas, 942 F.Supp. 426, 427-28 (W.D.Wisc. 1996) ............................................ 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Lifeng Lee Hsu | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No.:  06-401 |
| | ) | |
| Great Seneca Financial Corporation, | ) | |
| Wolpoff & Abramson, L.L.P. | ) | |
| Fox Rothschild, L.L.P. | ) | |
| Neal J. Levitsky | ) | |
| | ) | |
| Defendants | ) | |

I.      STATEMENT OF FACTS

On June 23, 2006, Plaintiff filed a complaint against Great Seneca Financial Corporation, Wolpoff & Abramson, L.L.P., Fox Rothschild, L.L.P., and Neal J. Levitsky,  Esquire alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* based on efforts to collect a debt owed by Plaintiff to Great Seneca Financial Corporation ("Great Seneca").  Great Seneca retained the Law Firm of Wolpoff & Abramson, L.L.P. ("W&A") as well as its affiliated offices and local counsel Fox Rothschild, L.L.P. and Neal J. Levitsky, Esquire, to communicate with Plaintiff.  W&A sent an initial letter as required under the FDCPA informing Plaintiff of his validation rights in February 2005.  (Compl. ¶ 8.)

Plaintiff does not allege that he requested validation within thirty (30) days of statutory period from February 23, 2005.  (Compl. ¶¶ 8, 11.)  The balance remained outstanding, and W&A sent a letter on June 1, 2005 informing Plaintiff that continued delinquency could result in a lawsuit.  (Compl. ¶ 10.)  On June 29, 2005, Neal J. Levitsky, a Delaware licensed attorney filed an initial complaint and praecipe on behalf of Great Seneca against Plaintiff in the Court of Common Pleas for the County of New Castle in the State of Delaware.  (Compl. ¶ 11, Docket Entry Ex. 1, State Court Complaint Ex. 2.)  Plaintiff filed an answer and participated in this

4

lawsuit. (Ex. 1.) On May 17, 2006, the Court of Common Pleas entered an order granting Great Seneca's Motion for Summary Judgment and denying Plaintiff Hsu's Motion for Summary Judgment. (Ex. 3.)

Based on the judgment entered against Plaintiff, Plaintiff filed this federal complaint on June 23, 2006. In response to the state court order entering judgment in favor of Great Seneca, Plaintiff also filed a motion to amend the judgment in an attempt to belatedly dispute the validity of the underlying debt and his liability as the account holder. (Ex. 1.) On June 28, 2006, the Court entered an order denying Hsu's motion to amend the judgment and held that Plaintiff was liable for the underlying debt that Plaintiff was the account holder, and that any suggestion that the state court had not diligently reviewed all evidence presented in the matter was improper. (Ex. 1, 4.)

Subsequent to this judgment entered against him, Plaintiff filed a notice of appeal of the state court matter to the Superior Court on July 13, 2006 (Ex. 5) and also brought this federal action to collaterally attack the state court action.

Defendants have filed this motion to dismiss Plaintiff's attack on the state court judgment and appellate process.

## II.    STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, the Court only accepts as true "well pleaded factual allegations" containing in the complaint, not bulk conclusory statements. Ma. Ex. Rel. E.F. v. State-Operated School Dist. of City of New York, 344 F.3d 335, 340 (3d Cir. 2003). "[W]e need not accept as true" unsupported conclusions and unwarranted inferences." Doug Grant, Inc. v. Greg Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citations omitted). Because a

party may attach public records to a motion to dismiss, Defendants attach Court papers to this motion.

The Court must consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. <u>Pension BN. Guar. Corp. v. White Consult. Industry, Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993); <u>see also</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957). Although the standard of review requires this Court to accept as true all factual allegations, this Court need not accept "unsupported and unwarranted inferences." <u>See, Maio v. Aetna, Inc.</u>, 221 F.3d 472, 485 n.12 (3d Cir. 2000). Furthermore, this Court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997)(citations omitted). Because a party may attach public records to a motion to dismiss, Defendants attach court papers from the state action involving Plaintiff.

## III.    FAIR DEBT COLLECTION PRACTICES ACT

In 1997, Congress passed the Fair Debt Collection Practices Act for the purpose of eliminating abusive debt collection practices.    [15 U.S.C. § 1692(e)].    In 1986, Congress repented the prior exemption enjoyed by attorneys of collecting debts on behalf of clients. Attorneys at law are therefore subject to the FDCPA when engaged in litigation activities. <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995).

## IV.    THE ROOKER-FELDMAN DOCTRINE MANDATES DISMISSAL OF THIS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed.R.Civ.P. Rule 12(b)(1), this Court should dismiss this Complaint for lack of subject matter jurisdiction as Plaintiff's claims constitute a collateral attack on the state court judgment already entered against the Plaintiff.  (<u>Great Seneca Financial Corp. v. Lifeng Hsu,</u>

Case No. 05-06-493, Judgment Entered May 17, 2006, Ex. 1.) This Court lacks jurisdiction over claims that were, or could have been, raised in state proceedings, where the losing party may seek review through the state appellate process. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476, 482-84 n.16 (1983). Therefore, under the Rooker-Feldman doctrine, "a party losing in state court is barred from seeking what is substance would be an appellate review of the state judgment in a United States District Court." <u>Johnson v. De Grady</u>, 512 U.S. 997, 1005 (1994). Accordingly, the Rooker-Feldman doctrine mandates dismissal of a complaint where the proper venue for challenging a state court judgment is through the state appellate process and not through a collateral attack in a lower federal court.

In this instance, Plaintiff was a party Defendant to a legal action for which the Court of Common Pleas in the State of Delaware granted a Motion for Summary Judgment in favor of Great Seneca. (Ex. 2). Plaintiff raised among other issues (1) a dispute as to the validity of the account, (2) a defense that he was not a responsible party for the credit account but only an authorized user, (3) claims of unauthorized practice of law, and (4) claims under the Fair Debt Collection Practices Act. (Ex. 2). Despite Plaintiff's numerous claims and defenses, the state court entered a judgment against Plaintiff and in favor of Great Seneca. (Ex. 1-3.)

Plaintiff remained a party during his attempt to amend the judgment, which was denied. (Ex. 1, 3-4.) Plaintiff filed an appeal in the matter. (Ex. 5.) The state court judgment is conclusive as to Plaintiff's liability for the underlying credit account, the validity of the account owned by Great Seneca, and Plaintiff's liability for the outstanding balance. The state court adjudicated the issues surrounding Plaintiff's account (Exs. 1, 3-4) and Plaintiff continues to exercise his rights in the current appeal of the state court matter. (Ex. 5.) If this Court were to rule that Plaintiff has a cause of action for violation of federal debt collection act while in its

pursuit and recovery of a judgment in state court, the ruling would operate as a determination that the state court judgment was in error, a result precluded by Rooker-Feldman doctrine.

The determinations by the state court also resolved inextricably the current issues presented. Because Plaintiff's issues were raised in the underlying legal action and a decision was entered, Plaintiff's claims are inextricably intertwined with the prior state court judgment. Pursuant to the Rooker-Feldman doctrine, even if all of Plaintiff's issues were not raised, he is still barred from raising them now, as this Court lacks jurisdiction to review claims that could have been raised in the state court proceedings.    Rooker, 263 U.S. at 415-16; District of Columbia Court of Appeals, 460 U.S. at 476, 482-84 n.16.

Plaintiff's current efforts to collaterally attack this judgment outside of the appellate process available in his state court are inappropriate and fail to confer subject matter jurisdiction with this Honorable Court. Accordingly, this Court should not permit the Plaintiff to challenge the state court judgment by circumventing and disregarding the proper state court appellate process, which he is pursuing concurrently. (Ex. 5.) The dismissal of this complaint with prejudice is appropriate and proper as a matter of law under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matters jurisdiction.


V.    **BECAUSE THE STATE COURT JUDGMENT BARS ANY CLAIMS BY PLAINTIFF THAT THIS WAS NOT HIS DEBT OR THAT DEFENDANTS VIOLATED THE FDCPA BY CONTACTING HIM, THIS MATTER SHOULD BE DISMISSED**

Plaintiff asserts that Defendants violated the FDCPA by communicating with him in connection with his outstanding debt despite Plaintiff's claims he is not liable for this debt as an authorized user of this account. Because the Court of Common Pleas entered a judgment holding that Plaintiff is liable for this debt and was an account holder for this debt, all Plaintiff's claims have failed to assert a cause of action for which relief can be granted.

The doctrine of res judicata and collateral estoppel bar the relitigation of those claims and issues that have been squarely adjudicated in prior litigation involving the same party. A federal court must give full faith and credit to state court judgments inclusive of applying the doctrines of res judicata and collateral estoppel. 28 U.S.C. § 1738; <u>Migra v. Warren City School Dist. Bd. Of Educ.</u>, 465 U.S. 75, 81, 83, 104 S.Ct. 892 (1984). "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." <u>Id.</u>

Under the doctrine of *res judicata,* a party is foreclosed from bringing a second suit based on the same cause of action after a judgment has been entered in a prior suit involving the same parties." <u>Betts v. Townseds, Inc.</u>, 765 A.2d 531, 535 (Del.Supr. 2000)(citations omitted). Under the doctrine of collateral estoppel, if a court has decided an issue of fact necessary to its judgment, that decision precludes relitigation of the issue in a suit on a different cause of action involving a party to the first case. <u>Messick v. Star Enterprise</u>, 655 A.2d 1209, 1211 (Del. 1995); Rest. (Judg.) § 68 (stating where issue actually litigated and determined by court, the determination is conclusive). "Essentially, *res judicata* bars a court or administrative agency from reconsidering conclusions of law previously adjudicated while collateral estoppel bars relitigation of issues of fact previously adjudicated." <u>Betts</u>, 765 A.2d at 535.

Plaintiff raised the issues of whether or not he was an authorized user for this credit account and whether he was liable for this credit account in the state court suit for this matter. The state court entered a judgment against the Plaintiff after litigation on these issues. Plaintiff is now estopped from raising these factual issues anew for litigation in the present federal action. For these reasons, Defendants' Motion to Dismiss should be granted.

VI.    BECAUSE DEFENDANTS' DELAWARE COUNSEL MAINTAINED THE LAWSUIT AGAINST PLAINTIFF, PLAINTIFF HAS FAILED TO ASSERT ANY CLAIMS UNDER 15 U.S.C. SEC. 1692E.

Although Plaintiff alleges that Defendants engaged in the unauthorized practice of law in violation of 15 U.S.C. Sec. 1692e, e(5), e(10), and e(14), counsel of record in the Delaware lawsuit is Neal J. Levitsky, Esq., an attorney barred in the State of Delaware. Appearances were also made by Seth Neiderman, Esq., an attorney barred in the State of Delaware. As reflected in all of the pleadings in this matter, Neal J. Levitsky, Esq. is a member of the law firm of Fox Rothschild L.L.P. and maintains an of counsel relationship with Wolpoff & Abramson, L.L.P.. Based on this relationship and as attorney of record, Neal J. Levitsky, Esq. represented his law firm affiliations and bar license appropriately.

Plaintiff further fails to assert a violation of 15 U.S.C. Sec. 1692(e) and subsections with his claims that certain letters sent prior to initiating any state lawsuit were improperly signed by attorneys not barred in Delaware. Because local counsel can be and, in this matter, was retained to bring suit, W&A was entitled to send letters to debtors in other states before suit was filed. In Sturdevant v. Jolas, 942 F.Supp. 426, 427-28 (W.D.Wisc. 1996), a Wisconsin consumer brought a lawsuit against attorney debt collectors claiming that they violated the FDCPA Sec. 1692e by sending letters to the consumer where the attorneys were barred in Iowa. The federal court held that such an argument "is frivolous. At a minimum, defendants could have retained local counsel in Wisconsin if they chose to pursue collection of this debt in a Wisconsin court. Defendants could have legally taken any action against plaintiff to collect this debt in Wisconsin." Id. at 430. The court found that an out of state attorney sending letters attempting to collect a debt "does not constitute a threat of action that cannot legally be taken or an attempt to mislead plaintiff in order to collect the debt." Id.

W&A in the instant action sent letters to Plaintiff indicating that they were attempting to collect a debt and that a lawsuit may result. W&A did not threaten any legal action not permitted by law. In fact, local Delaware counsel Neal Levitsky did initiate a lawsuit against Plaintiff for which the state court entered a judgment against Plaintiff. As the state court action was brought against Plaintiff by a Delaware attorney, Plaintiff's has failed to state a claim for which relief can be granted.

VII.    CONCLUSION

For the reasons provided herein, Defendants respectfully request that the Complaint be dismissed with prejudice.

WOLPOFF & ABRAMSON, L.L.P.

BY:

Neal J. Levitsky, Esquire (No. 2092)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 656-2555
Outside Wilm. Area:
1-800-678-0303
Attorney for Defendants

*136509176* X

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 07/06/2006

PAGE      1

05-06-493
FILED  June 29,2005
JUDGE:
STATUS:  CJDM  E-FILED:

COURT OF COMMON PLEAS CASE   -  FILED

LEVITSKY NEAL JONATHAN     GREAT SENECA FINANCIAL CORPORATION, A MARYLAND
                           CORPORATION, ASSIGNEE OF MADISON STREET
                           INVESTMENTS, ASSIGNEE OF CHASE MANHATTAN BANK
                                         -- VS --
PRO SE                         LIFENG LEE HSU

06/29/2005     INITIAL COMPLAINT & PRAECIPE FILED

06/30/2005     (        ) SUMMONS ISSUED FOR SERVICE BY
               SPS DELACY       UPON LIFENG LEE HSU

08/04/2005     WRIT OF (        ) SUMMONS RETURNED SHOWING PERSONAL
               SERVICE AS TO LIFENG LEE HSU ON 8/3/05 AT 108 CARDINAL
               CIRCLE, HOCKESSIN, DE 19707

08/17/2005     ANSWER TO COMPLAINT FILED BY PRO-SE DEFENDANT LIFENG
               LEE HSU: 108 CARDINAL CIRCLE  HOCKESSIN, DE 19707
               (302)573-5458

08/30/2005     MOTION TO DISMISS COUNTERCLAIM FILED; NOTICED FOR
               9/30/05

09/09/2005     DEFENDANTS OPPOSITION TO MOTION TO DISMISS COUNTER
               CLAIM FILED.

09/26/2005     MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION
               TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTER-
               CLAIM FILED BY LIFENG LEE HSU, DEFENDANT.

09/30/2005     MOTION TO DISMISS COUNTERCLAIM GRANTED
               RESPONSE TO MOTION

09/30/2005     UPON CONSIDERATION OF PLAINTIFF GREAT SENECA FINANCIAL
               CORP'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM, AND
               THERE APPEARING TO BE VAILD REASONS THEREFORE, IT IS
               THIS 30TH DAY OF SEPTEMBER, 2005, ORDERED, THAT
               DEFENDANT'S COUNTERCLAIM BE, AND HEREBY IS DISMISSED
               WITHOUT* PREJUDICE.
               S/ JOHN K. WELCH, JUDGE
               (ORDER AMENDED ON 11/2/05 *)

10/07/2005     NOTICE OF SERVICE FILED FOR THE FOLLOWING:
               REQUEST FOR PRODUCTION DIRECTED TO PLAINTIFF.

10/14/2005     THAT PLAINTIFF HAS SERVED INTERROGATORIES ON THE
               DEFENDANT LIFENG LEE HSU AT 108 CARDINAL CIRCLE
               HOCKESSIN, DE, 19707 ON THIS 14TH DAY OF OCTOBER 2005

11/01/2005     DEFENDANT'S RESPONSES TO INTERROGATORIES FILED.

**EXHIBIT**

1

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 07/06/2006
PAGE    2

05-06-493

| | |
|---|---|
| 11/01/2005 | FILE AND 9/30/05 ORDER SENT TO JUDGE JOHN K. WELCH. A REVIEW OF THE RECORD INDICATES THAT THE ORDER WAS GRANTED WITHOUT PREJUDICE AND SHOULD BE AMENDED. |
| 11/02/2005 | AMENDED PER TRANSCRIPT TO REFLECT W/O PREJUDICE SO ORDERED<br>   S/JOHN K. WELCH, JUDGE |
| 12/30/2005 | NOTICE AND MOTION FOR SUMMARY JUDGMENT FILED BY ATTORNEY FOR PLAINTIFF; NOTICED FOR 2/3/06 |
| 01/03/2006 | NOTICE OF SERVICE FILED FOR THE FOLLOWING: RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND RESPONSES TO DEFENDANT'S INTEROGATORIES FILED BY ATTORNEY FOR PLAINTIFF |
| 01/18/2006 | DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED. |
| 02/01/2006 | PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FILED. |
| 02/01/2006 | PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. |
| 02/03/2006 | PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, CROSS MOTION AND OPPOSITION TO PLAINTIFF'S MOTION PRESENTED BEFORE JUDGE JOSEPH FLICKINGER. AFTER HEARING FROM BOTH PARTIES, THE BOTH MOTIONS FOR SUMMARY JUDGMENT WERE DENIED WITH THE EXCEPTION OF ISSUE OF US CODE. MEMOS DUE 2/17/06 BY PLAINTIFF AND ON 3/3/06 BY DEFENDANT; FILE WILL THEN BE SENT TO JUDGE FLICKINGER FOR REVIEW AND POSSIBLE SCHEDULING. PLAINTIFF IS TO SUPPLY VERIFICATION OF POLICY TO DEFENDANT AND DEFENDANT IS TO SUPPLY A VERIFIED AUTHORIZED USER AFFIDAVIT. |
| 02/17/2006 | PLAINTIFF'S MEMORANDUM OF LAW FILED. |
| 03/02/2006 | MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW FILED |
| 03/03/2006 | FILE FORWARDED TO JUDGE FLICKINGER |
| 03/15/2006 | CASE SCHEDULED FOR TRIAL MAY 5, 2006<br>REMOVED FROM TRIAL CALENDAR; DECISION ON MOTION PENDING |
| 05/17/2006 | ...FOR THE REASONS STATED ABOVE, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS HEREBY GRANTED AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS HEREBY DENIED.<br>   IT IS SO ORDERED |

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 07/06/2006

05-06-493                                                      PAGE        3

S/JOSEPH F. FLICKINGER III, JUDGE

05/26/2006    ATTORNEY FOR DEFENDANT FILED MOTION TO AMEND JUDGMENT
              (REARGUMENT)

06/06/2006    PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
              AMEND JUDGMENT FILED.

06/07/2006    FILE FORWARDED TO OFFICE OF JUDGE JOSEPH FLICKINGER

06/09/2006    DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
              DEFENDANT'S MOTION TO AMEND JUDGMENT

06/28/2006    ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT -
              CONCLUSION - NO MATTER WHICH THEORY OF RELIEF THE
              MOTION BEST FITS UNDER, DEFENDANT'S EVIDENCE IS INSUF-
              FICIENT TO GRANT RELIEF. THIS COURT HAS CONDUCTED AN
              EXHAUSTIVE AND THOROUGH REVIEW OF THE COMPLETE RECORD,
              INCLUDING DEFENDANT'S NEW EVIDENCE, INTERPRETATION OF
              THE COURT DOCKET, AND RECOLLECTION OF THE COURT'S
              INSTRUCTIONS AT MOTION HEARINGS, IT IS TO BE NOTED THAT
              DEFENDANT'S INTERPRETATION AND RECOLLECTION ARE BOTH
              INACCURATE. THE COURT, IN REVIEWING THE RECORD BEFORE
              ISSUING THIS ORDER, FAIRLY AND DILIGENTLY CONSIDERED
              ALL EVIDENCE PRESENTED BY BOTH PARTIES, THUS PROVIDING
              DEFENDANT WITH "TWO BITES OF THE APPLE". AS MENTIONED
              PREVIOUSLY, SUCH IS ESPECIALLY THE COURT'S PRACTICE
              WHEN REVIEWING ARGUMENTS AND PLEADINGS MADE BY A PRO SE
              PARTY
              ORDER - FOR THE REASONS STATED HEREIN, DEFENDANT'S
              MOTION TO AMEND/BE RELIEVED FROM JUDGMENT IS DENIED
                  IT IS SO ORDERED  S/JOSEPH FLICKINGER III, JUDGE

1723

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

GREAT SENECA FINANCIAL CORP.,                    *
A MARYLAND CORPORATION,
ASSIGNEE OF MADISON STREET                       *        2005 - 06 - 493
INVESTMENTS,
ASSIGNEE OF CHASE MANHATTAN BANK                 *       Docket Copy
P.O. BOX 1651
ROCKVILLE, MD 20849-1651                         *
        PLAINTIFF
                                                 *       CIVIL ACTION NO.

VS.                                              *       NONARBITRATION

LIFENG LEE HSU                                   *

108 CARDINAL CIR                                 *
HOCKESSIN DE  19707-2044
                                                 *

                                                 *

                                                 *

                                                 *

        DEFENDANT(S)


                                      PRAECIPE

        TO:    ~~ROBERT DELACY~~ _____ Special Process Server:

        PLEASE SERVE a copy of the within Complaint on the Defendant(s):

            LIFENG LEE HSU
            108 CARDINAL CIR
            HOCKESSIN DE  19707-2044


                                    WOLPOFF & ABRAMSON, L.L.P.


                                    BY: NEAL J. LEVITSKY, ESQ. (No. 2092)
                                        Fox Rothschild LLP
                                        Citizens Bank Center
                                        919 N. Market Street, Suite 1300
                                        P.O. Box 2323
                                        Wilmington, Delaware 19899-2323
                                        (302) 656-2555
                                        Outside Wilmington Area:
                                        1-800-678-0303
                                        Attorney for Plaintiff

        DATED: _6/28/2005_____

                                            RECEIVED
                                        URT OF COMMON PLEA

                                            JUN 2 9 2005

NEAL J. LEVITSKY, ESQUIRE
WOLPOFF & ABRAMSON, L.L.P.
ATTORNEY IN THE PRACTICE
OF DEBT COLLECTION

919 NORTH MARKET STREET
SUITE 1300
P.O. BOX 2323
WILMINGTON DE 19899-2323
302-654-7444
OUTSIDE WILMINGTON AREA:
1-800-678-0303

EXHIBIT
tabbies
2

1713

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

GREAT SENECA FINANCIAL CORP.,                    *
A MARYLAND CORPORATION,
ASSIGNEE OF MADISON STREET                       *
INVESTMENTS,
ASSIGNEE OF CHASE MANHATTAN BANK                 *        2005 - 06 - 498
P.O. BOX 1651
ROCKVILLE, MD 20849-1651                         *
        PLAINTIFF                                *
                                                          CIVIL ACTION NO.
VS.                                              *
                                                          NONARBITRATION
LIFENG LEE HSU                                   *

                                                 *
108 CARDINAL CIR
HOCKESSIN DE  19707-2044                          *

                                                 *

                                                 *

                                                 *

        DEFENDANT(s)

                              COMPLAINT

    1.  Plaintiff, sues Defendant(s) for the sum of $ 11616.00  representing the

balance due and owing for goods sold and delivered and/or services rendered and/or

a revolving account stated between Plaintiff and Defendant(s).

    WHEREFORE, Plaintiff demands judgment against Defendant(s) for the sum of

$ 11616.00  with interest at 24.00% per annum from 02/18/05 until paid plus

court costs PLUS ATTORNEY FEE'S OF 20%

                                WOLPOFF & ABRAMSON, L.L.P.

                                BY: NEAL J. LEVITSKY, ESQ. (No. 2092)
                                    Fox Rothschild LLP
                                    Citizens Bank Center
                                    919 N. Market Street, Suite 1300
                                    P.O. Box 2323
                                    Wilmington, Delaware 19899-2323
                                    (302) 656-2555
                                    Outside Wilmington Area:
                                    1-800-678-0303
                                    Attorney for Plaintiff

NEAL J. LEVITSKY, ESQUIRE
WOLPOFF & ABRAMSON, L.L.P.
ATTORNEY IN THE PRACTICE
OF DEBT COLLECTION

919 NORTH MARKET STREET
SUITE 1300
P.O. BOX 2323
WILMINGTON, DE 19899-2323
302-654-7444
OUTSIDE WILMINGTON AREA:
1-800-678-0303

                                    RECEIVED
                                 ..URT OF COMMON PLEA

                                   JUN 2 9 2005

1739

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

GREAT SENECA FINANCIAL CORP.,          *
A MARYLAND CORPORATION.                 *
ASSIGNEE OF MADISON STREET              *
INVESTMENTS.                            *          2005 - 08 - 498
ASSIGNEE OF CHASE MANHATTAN BANK        *
P.O. BOX 1651                           *
ROCKVILLE, MD 20849-1651                *
        PLAINTIFF                       *          CIVIL ACTION NO.
                                        *
VS.                                     *          NONARBITRATION
                                        *
LIFENG LEE HSU                          *
                                        *
108 CARDINAL CIR                        *
HOCKESSIN DE  19707-2044                *
                                        *
                                        *
                              *         *

        DEFENDANT(S)

                        CERTIFICATE OF VALUE

    I, NEAL J. LEVISKY          , Esquire, attorney for Plaintiff hereby certify
in good faith at this time in my opinion that the sum of damages of the Plaintiff
is not in excess of $15,000.00, exclusive of costs and interest.

                                        By:  _____
                                                Attorney for Plaintiff

DATED: _____

NEAL J. LEVITSKY, ESQUIRE
WOLPOFF & ABRAMSON, L.L.P.
ATTORNEYS IN THE PRACTICE
OF DEBT COLLECTION
—
919 NORTH MARKET STREET
SUITE 1300
P.O. BOX 2325
WILMINGTON, DE 19899-2325
302-654-7444
OUTSIDE WILMINGTON AREA
1-800-678-0363

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Great Seneca Financial Corp.,           )
A Maryland Corporation                   )
Assignee of Madison Street Investments,  )
Assignee of Chase Manhattan Bank         )
                                         )
        Plaintiff,                       )        C.A. No. 2005-06-493
                                         )
            vs.                          )
                                         )
Lifeng Lee Hsu                           )
                                         )
        Defendant.                       )

Submitted: March 2, 2006
Decided: May 17, 2006

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This Order addresses a debt owed to plaintiff Great Seneca Financial Corporation ("plaintiff"), assignee of Chase Manhattan Bank. Plaintiff seeks damages in the amount of $11,616.00 from Lifeng Lee Hsu ("defendant"). Plaintiff alleges that Chase Manhattan Bank issued a "Chase Freedom Gold Mastercard" credit card to defendant, and that defendant eventually ceased making payments towards the balance. Attached to plaintiff's Motion for Summary Judgment (the "Motion") as Exhibit A are photocopies of nine monthly credit card statements bearing defendant's name and home address, and span from July 10, 2002 to March 11, 2003. The statements dated July 10, 2002 and August 9, 2002 reflect that payments were made on the account. The remaining statements after August 9, 2002 reflect that no further payments have since been made.



EXHIBIT

3

Defendant opposes plaintiff's Motion, maintaining no contractual obligation to plaintiff exists because he is only an authorized user on the account; that counsel for plaintiff along with his law firm have engaged in the unauthorized practice of law; and that pursuant to 15 U.S.C. §1692(g)(b) of the Fair Debt Collection Practices Act ("FDCPA"), he is shielded from any attempts at litigation by plaintiff's counsel or his law firm. Although the Court previously dismissed defendant's Counterclaim regarding FDCPA, the Court requested memoranda from both parties regarding its applicability and relevance.

## PROCEDURAL POSTURE

On or about June 29, 2005 plaintiff filed its Complaint with this Court, and on August 3, 2005 defendant was served personally at the same address listed on the above-mentioned monthly credit card statements. Defendant filed his Answer on or about August 17, 2005 denying the debt and filed a Counterclaim alleging that plaintiff violated the FDCPA by allegedly continuing collection attempts before providing defendant with written verification of the debt. The first communication defendant claims receiving from plaintiff was a letter dated February 23, 2005 from Paul T. Oliver, Jr. Esq. of the law offices of Wolpoff & Abramson, LLP. The letter indicates that Mr. Oliver is admitted to practice law in the State of Michigan. Specifically, the letter provides, "I urge you to take advantage of your right to dispute this debt as described in the important notice on the reverse side of this letter." No copy of the reverse side of this letter appears in the record. Defendant alleges that he mailed a reply to plaintiffs on March 21, 2005 stating,

> "I could not find in my record any transaction with Chase Manhattan in the past 18 months. However, I found in my credit report that I am only an

authorized user of the above account number, so I do not have any contractual obligation to this account.

I am sorry that I will not call your company because I would prefer written communication."

Defendant further claims that after receiving no response, he mailed a second letter on June 7, 2005 in which he requests a copy of,

"1. Loan agreement that bears my signature. 2. The history and the nature of this loan. 3. The document that shows that I am the owner of the above mentioned account. I am sorry that I will not call your office because I would prefer written communication."

Plaintiff filed its response to defendant's Counterclaim, and denied that any of its actions amounted to "collection activity" since plaintiff is not a collector, but in fact owns the debt and is a creditor, and thus the FDCPA does not apply in this instance. Plaintiff further stated that even if the FDCPA applied, "Defendant has not alleged Plaintiff wrote to or spoke with Defendant in an effort to recover the outstanding balance." On September 30, 2005 this Court dismissed defendant's Counterclaim regarding the FDCPA without prejudice. On or about December 30, 2005 plaintiff filed a Motion for Summary Judgment, and on or about January 18, 2006 defendant filed an Opposition to plaintiff's Motion along with a Cross-Motion for Summary Judgment. Defendant attached to his Opposition and Cross-Motion as Exhibit A-1 a copy of his TransUnion credit report. The credit report lists the Chase Manhattan account and in the field marked "Responsibility" it states, "Authorized Account." Defendant argues that this verifies his claim that he is an authorized user and not the primary cardholder on the account, and thus bears no contractual relationship to plaintiff. On or about February 1, 2006 plaintiff filed its Reply and Opposition to Defendant's Cross-Motion and argued,

"The notation on Defendant's credit report reflects that this account was ... opened under Defendant's name as the primary accountholder according to

3

Defendant's authorization and request. The credit bureaus only report accounts for the responsible accountholders such as Defendant on this account. *Defendant mistakenly claims that the language "authorized account" is equivalent to an authorized user notation. This is simply incorrect and Defendant, again, is attempting to attempt to avoid his repayment obligations. Notably, Defendant does not submit any documentation in connection with his credit account substantiating his claims but instead relies upon his misinterpretation of the third party credit reporting bureau's documentation."* (Emphasis added).

On February 3, 2006 the Court's docket provides:

"PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, CROSS MOTION AND OPPOSITION TO PLAINTIFF'S MOTION PRESENTED BEFORE JUDGE JOSEPH FLICKINGER. AFTER HEARING FROM BOTH PARTIES, THE BOTH MOTIONS FOR SUMMARY JUDGMENT WERE DENIED *WITH THE EXCEPTION OF ISSUE OF US CODE.* MEMOS DUE 2/17/06 BY PLAINTIFF AND ON 3/3/06 BY DEFENDANT; FILE WILL THEN BE SENT TO JUDGE FLICKINGER FOR REVIEW AND POSSIBLE SCHEDULING. *PLAINTIFF IS TO SUPPLY VERIFICATION OF POLICY TO DEFENDANT AND DEFENDANT IS TO SUPPLY A VERIFIED AUTHORIZED USER AFFIDAVIT."* (Emphasis added).

As mentioned at the outset, per the Court's instruction, on February 17, 2006 plaintiff filed a Memorandum of Law requesting this Court to deny defendant's Motion for Summary Judgment. Plaintiff argues that defendant is misapplying the FDCPA, and even if the federal statute applied, plaintiff is nonetheless in full compliance with the FDCPA. Moreover, defendant has not presented "any exhibits that evidence a verification request that would fall within the purview of Sec. 1692g." Plaintiff further denies ever receiving from defendant a written request for verification of the debt within thirty days of plaintiff's first letter dated February 23, 2005. In essence, since plaintiff denies ever receiving any correspondence from defendant, assuming that the FDCPA applies, it is plaintiff's contention that "...Defendant's debt was 'assumed to be valid.'" Regardless, plaintiff claims it has provided defendant with copies of the account statement previously, "including throughout discovery" even though under relevant case law, it is under no obligation to do so.

Plaintiff's Motion provides,

"Where verification is requested, verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is that the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999), citing Azar v. Hayter, 874 F.Supp. 1314 (N.D. Fla.) aff'd, 66 F.3d 342 (11th Cir. 1995), cert. Denied, 516 U.S. 1048, 116 S.Ct. 712, 113 L.Ed.2d 666 (1996). Consistent with the legislative history, verification is only intended to 'eliminate the … problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Id., citing S.Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. Where verification is requested within thirty (30) days received prescribed by the FDCPA, once the debt collector provides verification, the debt collector may proceed with collection including instituting a lawsuit. Heintz v. Jenkins, 514 U.S. 291 (1995)."

Plaintiff concludes by noting, "…Plaintiff's counsel are not parties to this matter and this matter was commenced properly under state and federal law."

In response, defendant alleges that plaintiff is not in full compliance with the FDCPA because first, attorney Paul T. Oliver, Jr. is "likely retired"; second, that attorney Oliver did not engage in a meaningful review of his case despite his signature appearing on the February 23, 2005 letter to defendant indicating the contrary; and third, attorney Ronald S. Canter, Esq. affirmed that attorney Oliver reviewed defendant's file, and therefore he, too, is not in compliance with the FDCPA. Defendant next argues that his letters to plaintiff constitute a written request falling within the confines of the FDCPA's specifications for a written verification of the debt. Finally, defendant alleges that the FDCPA applies once a consumer debt is placed in the hands of a debt collector, regardless of whether valid debt actually exists, and in support of this, cites a United States Supreme Court case of Heitz v. Jenkins, 514 U.S. 291 (1995) as well as the plain language of 15 U.S.C. § 1692(g)(b).

Defendant first attaches to his Memorandum an "Affidavit of Statements" signed by defendant and a notary stating "I am an authorized user of the disputed credit card

account by Chase." Attachment "B-1" is a copy of the February 23, 2005 letter from Wolpoff & Abramson, LLP signed by attorney Paul T. Oliver, Jr. Attachment "B-2" is a printout from what appears to be an online genealogy and lineage website, and defendant's handwritten highlights on the printout note that a person by the name of Paul T. Oliver was born in 1929 and "was an attorney at law in the USA, and succeeded as the 8th Marquis Testaferrata-Oliver." Attachment, "B-3" is a printout from the online Martindale-Hubbel Law Directory showing that an attorney named Paul T. Oliver, Jr. was admitted to the Bar of the State of Michigan in 1950. Attachment "B-4" is a printout from the State of Michigan's website titled, "Corporate Entity Details," and lists the entity name "Paul T. Oliver, Jr., P.C." whose status is listed as "Automatic Dissolution, Date: 7-15-2002." Attachment "B-5" is print out of an online credit report from a showing inquiries made by Wolpoff & Abramson on February 18, 2005 and another on March 26, 2005. Attachment "B6-a" is a copy of attorney Canter's Affidavit signed and notarized on February 16, 2006 in which Canter states that attorney Oliver did, in fact, review defendant's file. Attachment "B-7" is a copy of defendant's letter addressed to plaintiff dated February 23, 2005. Attachment "B-8" is a printout of an online web page titled, "Large Rockville Companies by Employee Count." Attachment "B-9" is a copy of defendant's second letter addressed to plaintiff dated June 7, 2005.

## MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW

A motion for summary judgment is granted where there "is no genuine issue as to any material fact." *Van Dyke v. Pennsylvania R.R.*, 86 A.2d 346, 349 (Del.Supr.1952); *Behringer v. William Gretz Brewing Co.*, 169 A.2d 249, 251 (Del.Supr.1961); *Matas v.*

*Green,* 171 A.2d 916, 918 (Del.Supr.1961). It must be denied when evidence indicates that "there is reasonable indication that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law." *Ebersole v. Lowengrub,* 180 A.2d 467, 468-469 (Del.Supr.1962) *rev'd in part and aff'd in part,* 208 A.2d 495 (1965); *Myers v. Nicholson,* 192 A.2d 448, 451 (Del.Supr.1963); *Guy v. Judicial Nominating Comm'n,* 659 A.2d 777 (Del.Super.1995); *Smith v. Berwin Bldrs., Inc.,* 287 A.2d 693 (Del.Super.1972). Further, the court is required to view the facts in a light most favorable to the non-moving party. *Matas,* 171 A.2d at 918; *James v. Getty Oil Co. (E.Operations), Inc.,* 472 A.2d 33, 38 (Del.Super.1983); *Borish v. Graham,* 655 A.2d 831, 833 (Del.Super.1994); *Shultz v. Delaware Trust Co.,* 360 A.2d 576, 578 (Del.Super.1976); *Pullman, Inc. v. Phoenix Steel Corp.,* 304 A.2d 334, 335 (Del.Super.1973).

## ANALYSIS

Assuming that the FDCPA applied to plaintiff, the Court is not persuaded that plaintiff has violated any of its provisions. The FDCPA allows a defendant to submit a written request to a debt collector requesting verification of the debt within thirty days of initially contacting a defendant regarding the debt, during which time collection efforts are put on hold. Plaintiff denies receiving such a request from defendant. Despite the fact that defendant's attachment B-7 is a copy of the March 21, 2005 letter addressed to plaintiff, the record contains nothing further by way of documents, testimony, or other evidence to sufficiently establish that defendant *indeed* mailed the letter to plaintiff, or that it was postmarked and/or *received* by plaintiff within the thirty day time period under the FDCPA. Regardless, nowhere in the letter does defendant request verification of the

7

debt. In the body of the letter, defendant does nothing more than deny transacting with Chase Manhattan "during the past 18 months" and claims he is an authorized user on the account. The second letter defendant allegedly mailed to plaintiff on June 7, 2005 arguably could suffice as a request for verification, when viewing the facts in the light most favorable to defendant. However, under the FDCPA, this fell outside of the thirty day time period, which expired on or about March 23, 2005.

Defendant claims that his March 21, 2005 letter must have been received because Wolpoff & Abramson checked his credit report on March 26, 2005. To bolster his argument defendant proffers, as attachment "B-5" of his Memorandum, a one-page print out from a website showing that Wolpoff & Abramson made two inquiries, one on February 18, 2005 and another on March 26, 2005. However, nowhere on this printout does defendant's name, address, or any other identifying information appear. Even if the Court assumed it is a true and correct copy of a page from defendant's credit report, it does nothing by way of exculpation since defendant's March 21, 2005 letter *did not request verification of the debt* from plaintiff.

Defendant argues that the plaintiff's attorneys acted in bad-faith and violated the FDCPA for two reasons: first, defendant alleges that attorney Oliver did not conduct a meaningful review of his file; and second, defendant alleges that attorney Canter's Affidavit in which he states that attorney Oliver did, in fact, review defendant's file, is untrue. Defendant argues, "...according to my research, it is quite impossible that attorney Paul T. Oliver had personally done so as required by the FDCPA." In support of his allegations, defendant speciously encloses printout copies from the internet which he professes to be a showing that attorney Oliver is "likely retired" from the practice of

law and was not involved in reviewing the file due to his age. Defendant's attachment "B-2" from the genealogy website is apocryphal at best. It is obvious that defendant has examined all means available to uncover facts regarding attorney Oliver's life and legal career, but his findings, nonetheless, amount to conjecture that belies Mr. Oliver's status as retired. The automatic dissolution of a corporate entity bears no significance on whether or not an attorney is still engaged in the practice of law. The Court finds the allegations against attorneys Oliver, Canter, and plaintiff's counsel both nugatory and irrelevant, as nothing in the record reflects that they acted either in bad faith or in violation of the FDCPA.

Most notably, on February 3, 2005 the Court ordered defendant to provide an Affidavit verifying his status as an authorized user on the account at issue. Defendant's attached notarized "Affidavit of Statements" is insufficient for the Court to extrapolate upon, and does not amount to the requisite level of a showing that a *genuine* issue of material fact exists between the parties.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Summary Judgment is hereby GRANTED and defendant's Motion for Summary Judgment is hereby DENIED.

**IT IS SO ORDERED.**

Joseph F. Flickinger III
Judge

9

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Great Seneca Financial Corp., )
A Maryland Corporation, )
Assignee of Madison Street Investments, )
Assignee of Chase Manhattan Bank )
 )
            Plaintiff, )     C.A. No. 2005-06-493
 )
v. )
 )
Lifeng Lee Hsu, )
 )
            Defendant. )

Submitted: June 9, 2006
Decided: June 28, 2006

Neal J. Levitsky, Esquire              Lifeng Lee Hsu
Fox Rothschild LLP                 108 Cardinal Cir.
Citizens Bank Center               Hockessin, DE 19707-2044
919 N. Market Street, Ste. 1300      P.O. Box 778
P.O. Box 2323                     *Pro se* Defendant
Wilmington, DE 19899-2323
 Attorney for Plaintiff

## ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT

The Court has received and reviewed *pro se* defendant Lifeng Lee Hsu's ("defendant") Motion to Amend Judgment from the Court's May 17, 2006 Order. The points raised by defendant were considered. Defendant argues the Order was premature since this Court previously denied plaintiff Great Seneca Financial Corporation's ("plaintiff") Motion for Summary Judgment and defendant's Cross-Motion for Summary Judgment with the exception of the applicability of the Fair Debt Collection Practices Act



EXHIBIT

4

("FDCPA"). Defendant's March 2, 2006 Memorandum to this Court provides, "WHEREFORE, Defendant respectfully requests its Cross-Motion for Summary Judgment be granted." Plaintiff's Memorandum did not ask for entry of Summary Judgment but requested this Court to deny defendant's request. In order for the Court to conduct a meaningful review of defendant's Cross-Motion for Summary Judgment, as he requested, and which the Court entertained even though defendant's Cross-Motion, too, was previously denied, both Motions for Summary Judgment were equally considered after the parties supplemented the record with their Memoranda and defendant's authorized user affidavit.

With the understanding that plaintiff's Motion for Summary Judgment was denied, defendant claims he only addressed the FDCPA issue in his Memorandum. As a result, defendant asserts he was not provided the opportunity to present two additional pieces of evidence. The Court notes defendant has filed numerous pleadings in this matter, and in light of his status as *pro se*, the Court now further substantively considers defendant's instant Motion to Amend Judgment. First, defendant alleges an inconsistency between plaintiff's affidavits, which identify the defendant as the owner of a "Chase Freedom Gold MasterCard," and defendant's affidavit, which identifies defendant's account as a "Shell MasterCard from Chase." Second, defendant offers to the Court a treatise and case law on the FDCPA.

## ANALYSIS

Court of Common Pleas Civil Rule 59(d) allows a party to present a Motion to Amend Judgment after judgment has been entered. The rule is generally used to amend damages that do not conform to the relief sought. See *Frampton v. Allstate Ins. Co.*,

2005 WL 1953063 (Del.Super.) (lowering damages to conform with maximum coverage under the insurance policy). See also *In re Kapsalis v. State Farm Mutual Ins. Co.*, 1997 WL 529590 (Del.Super.) (denying motion to add interest to damages awarded). Because defendant does not seek to amend damages, but rather to be heard on two additional points, a Motion to Amend Judgment pursuant to Rule 59(d) is inappropriate at this time.

Although the caption of defendant's Motion is flawed, this Court adheres to a policy of judicial lenience toward *pro se* defendants and will therefore examine defendant's Motion on other grounds under the Court of Common Pleas Civil Rules. *Wright v. Wilmington Trust Co.*, 1993 WL 1626508 (Del.Super.). One option is to treat the defendant's Motion as a Motion for Reargument. Rule 59(e) permits a Motion for Reargument that briefly describes the grounds for reargument if submitted within five days after the filing of the Court's opinion or decision. Although defendant's Motion may substantively meet those criteria, his Motion was filed June 9, 2006, well after the Court's May 17, 2006 hearing. Rule 6(b) specifically prohibits this Court from enlarging this 5-day period of time within which a Motion for Reargument must be served and filed. Therefore, time restrictions expressly prohibit this Court from treating defendant's Motion as a Motion for Reargument.

Alternatively, defendant's Motion may be considered as a Motion for Relief from Judgment or Order, pursuant to Rule 60(b). Rule 60(b) allows a party to seek relief from a judgment or order in the case of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or upon any other reason justifying relief. When considering defendant's newly presented evidence, however, defendant's arguments provide insufficient grounds for relief. First, defendant argues that his credit card bill with the

3

heading "Shell MasterCard from Chase" is substantively different from the previous bills plaintiff supplied via affidavit with the heading "Chase Freedom Gold Card," and therefore plaintiff's affidavits are somehow unreliable. This Court finds no basis for such an argument, particularly in light of the fact that defendant's name, address, account number and balance are identical on both documents. Furthermore, neither document indicates a person, other than defendant, had access to the account. As such, the Shell MasterCard bill is insufficient evidence that defendant was not contractually obligated to plaintiff. Rather, defendant's evidence only corroborates plaintiff's assertion that defendant was solely responsible for the debt.

Furthermore, defendant argues that the treatise and case law he recently discovered justify relief from summary judgment. The treatise defendant has attached merely defines a party who purchases a debt after the debt has become delinquent as a "debt collector" under the FDCPA. Defendant fails to understand that 15 U.S.C. § 1692 (i)(b), though awkwardly worded, does not prohibit all legal recourse by debt collectors - it merely restricts such suits to the judicial district in which the real property exists. See *Addison v. Braud*, 105 F.3d 223 (5th Cir.1997). See also *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Schulman*, 1990 WL 116735 (S.D.N.Y.). Therefore, regardless of whether plaintiff is a debt collector, 15 U.S.C. § 1692 (i)(b) does not bar suit against the defendant. As a result, defendant's additional treatise and case law fail to provide a sufficient basis for relief from judgment.

## CONCLUSION

No matter which theory of relief the motion best fits under, defendant's evidence is insufficient to grant relief. This Court has conducted and exhaustive and thorough

review of the complete record, including defendant's new evidence, interpretation of the Court docket, and recollection of the Court's instructions at Motion hearings. It is to be noted that defendant's interpretation and recollection are both inaccurate. The Court, in reviewing the record before issuing this Order, fairly and diligently considered all evidence presented by both parties, thus providing defendant with "two bites of the apple." As mentioned previously, such is especially the Court's practice when reviewing arguments and pleadings made by a *pro se* party.

## ORDER

For the reasons stated herein, defendant's Motion to Amend/be Relieved from Judgment is DENIED.

IT IS SO ORDERED.

Joseph F. Flickinger III
Judge

*130509.16*

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

LIFENG L. HSU,          )
                          )
                          )
                          ) C.A. No: 2005-06-493
        vs.            )
                          )
                          )
GREAT SENECA FINANCIAL CORP.  )
                          )
                          )

## NOTICE OF APPEAL

The party making this appeal is ___LIFENG L. HSU___

Plaintiff, before the ___SUPERIOR COURT___

The appeal is from the ___COURT OF COMMON PLEAS___

Board's decision dated ___June 28, 2006___.  The grounds for the appeal are as follows:

(1)  ERRORS OF LAW

(2)  PREMATURE SUMMARY JUDGMENT

(3)  INCONSISTENT RULING

The appeal is being taken to the Superior Court of the Sate of Delaware in and for New Castle County.

_____

LIFENG L. HSU
108 Cardinal Cir
Hockessin, DE 19707
302-573-5458
LLH@DTCC.EDU

Dated: July 13, 2006

EXHIBIT

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Lifeng Lee Hsu                          )
                                        )
        Plaintiff                       )
                                        )
vs.                                     )       Civil Action No.:  06-401
                                        )
Great Seneca Financial Corporation,     )
Wolpoff & Abramson, L.L.P.              )
Fox Rothschild, L.L.P.                  )
Neal J. Levitsky                        )
                                        )
        Defendants                      

## ORDER

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of

_____, 2006,

ORDERED that the motion be, and hereby is granted and this matter is dismissed with

prejudice.


JUDGE