IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lifeng Lee Hsu<br><br>    Plaintiff<br><br>vs.<br><br>Great Seneca Financial Corporation,<br>Wolpoff & Abramson, L.L.P.<br>Fox Rothschild, L.L.P.<br>Neal J. Levitsky<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.:  06-401 KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND
OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

WOLPOFF & ABRAMSON, L.L.P.

Neal J. Levitsky, Esquire (No. 2092)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
Wilmington, DE 19801
(302) 656-2555
Outside Wilm. Area:
1-800-678-0303

Attorney for Defendants

Dated: October 3, 2006

WM1A 84266v1 08/23/06

TABLE OF CONTENTS

I.   INTRODUCTION ..........................................................................................................1

II.  THE ROOKER-FELDMAN DOCTRINE, AS WELL AS RES JUDICATA, AND COLLATERAL ESTOPPEL PRINCIPLES MANDATE DISMISSAL OF THIS COMPLAINT ..................................................................................................................3

III. DEFENDANTS' DELAWARE COUNSEL BROUGHT THE STATE COURT LAWSUIT IN THIS MATTER ......................................................................................5

IV.  PLAINTIFF "CROSS" MOTION FOR SUMMARY JUDGMENT IS PROCEDURALLY IMPROPER AND MERITLESS ......................................................6

V.   CONCLUSION ..............................................................................................................6

TABLE OF CITATIONS

1. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) ................................3

2. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482-84 n.16 (1983) ................................................................................................3

3. Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81, 83, 104 S.Ct. 892 (1984) ................................................................................................3

4. Rooker, 263 U.S. at 415-16 ................................................................................4

5. District of Columbia Court of Appeals, 460 U.S. at 476, 482-84 n.16 ...............4

6. Reade-Alvarez v. Eltman and Cooper, P.C., 369 F.Supp.2d 353 (E.D.N.Y. 2005) .........5

7. Bass v. Arrow Fin. Servs., L.L.C., No. 01C8595, 2002 WL 1559635 (N.D.Ill. July 16, 2002) ................................................................................................5

8. Sturdevant v. Jolas, 942 F.Supp. 426, 427-28 (W.D.Wisc. 1996) .......................5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lifeng Lee Hsu ) ) Plaintiff ) ) vs. ) ) Great Seneca Financial Corporation, ) Wolpoff & Abramson, L.L.P. ) Fox Rothschild, L.L.P. ) Neal J. Levitsky ) ) Defendants ) | Civil Action No.:  06-401 KAJ |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Defendants submit this reply in support of their Motion to Dismiss this Complaint and opposition to Plaintiff's Cross Motion for Summary Judgment as follows:

I. INTRODUCTION

On June 23, 2006, Plaintiff filed this Complaint against Great Seneca Financial Corporation, Wolpoff & Abramson, L.L.P., Fox Rothschild, L.L.P., and Neal J. Levitsky, Esquire alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* based on Defendants' efforts to collect a debt owed by Plaintiff to Great Seneca Financial Corporation ("Great Seneca").

This lawsuit was filed subsequent to entry of a judgment against Plaintiff for this debt on May 17, 2006, in the Court of Common Pleas for the State of Delaware. (Ds.' Mot. to Dismiss Ex. 1, 3.) Specifically, in the state court action filed on June 29, 2005, Great Seneca through its attorney Neal Levitsky, Esq. sought a determination that the outstanding balance was valid and that Plaintiff was the responsible party on the debt. Plaintiff, as the Defendant in the state court matter, filed an answer disputing the validity of the account, claiming that he was not the

1

responsible party or authorized user for the account and challenging Defendants ability to pursue the debt. (Ds.' Mot. to Dismiss Ex. 1, 3, 4.) Plaintiff also filed a Counterclaim raising issues regarding the unauthorized practice of law and also alleged claims under the Fair Debt Collection Practices Act. (Ds.' Mot. to Dismiss Ex. 1, 3, 4.) The state court rejected all of Plaintiff's arguments, dismissed his Counterclaim, and entered a judgment against him and in favor of Great Seneca. (Ds.' Mot. to Dismiss Ex. 1.)

Plaintiff then filed a Motion to Amend Judgment with the Court of Common Pleas on May 26, 2006. The Court rejected Plaintiff's Motion to Amend the Judgment by Order on June 28, 2006. (Ds.' Mot. to Dismiss Ex. 4.) Plaintiff has now filed a Notice of Appeal with the state court. (Ds.' Mot. to Dismiss Ex. 5.)

Subsequent to the state court judgment and while Plaintiff's Motion to Amend Judgment was pending in the Court of Common Pleas, Plaintiff brought this federal court lawsuit on June 23, 2006 in an effort to circumvent the state court's decisions in this matter. On August 23, 2006, Defendants filed a Motion to Dismiss (Docket Entry "DE" 7) the Complaint in this federal Court as it constitutes a collateral attack by Plaintiff on a state court judgment against Plaintiff and the subsequent appellate process. (Ds.' Mot. to Dismiss Ex. 3-5.)

In response, on September 8, 2006, Plaintiff filed an Opposition to Defendants' Motion to Dismiss and Plaintiff filed a Cross Motion for Summary Judgment. (DE 14.) Defendants submit this reply in support of their Motion to Dismiss this matter for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. Rule 12(b)(1) and (6). In addition, Defendants' oppose Plaintiff's efforts to seek a judgment through a baseless "cross" motion summary judgment that is procedurally improper because there is a pending Motion to Dismiss and Defendants' have filed no Motion for Summary Judgment in this matter.

II.  THE ROOKER-FELDMAN DOCTRINE, AS WELL AS RES JUDICATA, AND COLLATERAL ESTOPPEL PRINCIPLES MANDATE DISMISSAL OF THIS COMPLAINT

This Court lacks subject matter jurisdiction under Rule 12(b)(1) over claims that were raised in state proceedings, where the losing party is seeking a federal court's appellate review of the state court judgment. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482-84 n.16 (1983). Moreover, Federal courts are bound to give state court judgments preclusive effect under the doctrines of res judicata and collateral estoppel. 28 U.S.C. § 1738; Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81, 83, 104 S.Ct. 892 (1984). Although Plaintiff claims that there is no final judgment in the state court precluding him from bringing this federal lawsuit and that he does not invite this court to reject the state court's determinations, Plaintiff has specifically asked this Court to decide claims and issues previously decided by the state court.

On May 17, 2006, the Court of Common Pleas for the State of Delaware entered Summary Judgment against Plaintiff. (Ds.' Mot. to Dismiss Ex. 1, 3.) The state court adjudicated the issues raised in the state court matter and dismissed the counterclaim brought by Plaintiff based on the FDCPA. Plaintiff filed this federal lawsuit after entry of the state court judgment, which was reaffirmed by the state court in its denial of Plaintiff's motion to amend the state court judgment.

The state court specifically adjudicated the issues of the validity of the credit account, Plaintiff's position as the liable party for the outstanding balance on the account, Plaintiff's claims of unauthorized practice of law, and Plaintiff's claims based on the FDCPA. For example, Plaintiff first legal claim is that Defendants "violated 15 U.S.C. §1692i(b) by bringing suit against me" (Compl. ¶14.) However, the state court already decided this issue against

3

Plaintiff holding "15 U.S.C. § 1692(i)(b) does not bar suit against the defendant." (Ds.' Mot. to Dismiss Ex. 4 at 4.)

Plaintiff is currently appealing the state court judgment while simultaneously raising identical claims and issues in this federal lawsuit. Plaintiff's federal lawsuit equates to an effort to escape the preclusive effects of the state court's determinations against him. If this Court were to rule on the issues raised by Plaintiff, the federal court would be engaging in appellate review of the state court judgment as precluded by Rooker-Feldman doctrine. Because Plaintiff's issues were already raised in the underlying legal action and a judgment was entered against him, Plaintiff's claims in the instant action are inextricably intertwined with the prior state court judgment and do not confer jurisdiction with this Court. Pursuant to the Rooker-Feldman doctrine, even if all of Plaintiff's issues were not raised, he is still barred from raising them now, as this Court lacks jurisdiction to review claims that could have been raised in the state court proceedings. Rooker, 263 U.S. at 415-16; District of Columbia Court of Appeals, 460 U.S. at 476, 482-84 n.16.

Plaintiff, aggrieved by his unsuccessful efforts to escape liability for his outstanding account and judgment against him in state court, should not be permitted to raise the same issues anew in this federal Court, which is tantamount to an appellate review of the state court judgment. Plaintiff's remedies are limited to the state appellate process he is undertaking and this Court should dismiss this complaint with prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

III.  **DEFENDANTS' DELAWARE COUNSEL BROUGHT THE STATE COURT LAWSUIT IN THIS MATTER**

Although Plaintiff alleges that Defendants engaged in the unauthorized practice of law in violation of the FDCPA, Delaware counsel, Neal J. Levitsky maintained the lawsuit against Plaintiff in the state court.

The FDCPA does not provide a separate statutory claim for unauthorized practice of law as Courts have rejected efforts by debtors to forge a link between the FDCPA, a law designed to restrict unfair collection practices, and conduct deemed to be the unauthorized practice of law. See, e.g., Reade-Alvarez v. Eltman and Cooper, P.C., 369 F.Supp.2d 353 (E.D.N.Y. 2005)(allegation that debt collector engaged in the unauthorized practice of law is not recognized under the FDCPA); Bass v. Arrow Fin. Servs., L.L.C., No. 01C8595, 2002 WL 1559635 (N.D.Ill. July 16, 2002)(claims of unauthorized practice of law "do not appear to be cognizable under the FDCPA").

Furthermore, Plaintiff has failed to assert a violation of the FDCPA as to the out of court letters sent to him. W&A sent letters to Plaintiff indicating that they were attempting to collect a debt and that a lawsuit may result. W&A did not threaten any legal action it could not take as it referred this matter to Delaware counsel Neal Levitsky to file suit. Because local counsel can be and, in this matter, was retained to bring suit, W&A was entitled to send letters to debtors in other states. Sturdevant v. Jolas, 942 F.Supp. 426, 427-28 (W.D.Wisc. 1996).

Plaintiff's attempt to raise every meritless claim conceivable against Defendants is a clear effort to avoid his liability for his outstanding account balance and should go unrewarded. As the state court action was brought against Plaintiff by a Delaware attorney, Plaintiff's has failed to state a claim for which relief can be granted.

5

IV.  PLAINTIFF "CROSS" MOTION FOR SUMMARY JUDGMENT IS PROCEDURALLY IMPROPER AND MERITLESS

Plaintiff responded to Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P.Rule 12 (b)(1) and (6) by filing an Opposition and an improper "Cross-Motion for Summary Judgment" under Rule 12(b). Plaintiff has cited no legal authority for a motion for summary judgment under Rule 12. Because Defendants have filed a Motion to Dismiss contesting subject matter jurisdiction among other issues in this matter, Plaintiff's attempt to assert a motion for summary judgment is fatally flawed. Even under the requirements of Fed.R.Civ.P.Rule 56, Plaintiff has failed to assert claims against Defendants, to establish any facts, and to provide there is an absence of genuine issue of material facts in this matter. Defendants have not waived their rights to contest subject matter jurisdiction in this matter such that Plaintiff may move for judgment at this time. Defendants' Motion to Dismiss remains pending before this Court and, as such, a motion for summary judgment is premature and procedurally improper.

V.  CONCLUSION

For the reasons provided herein, Defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied and the Complaint be dismissed with prejudice.

WOLPOFF & ABRAMSON, L.L.P.

BY: _____
Neal J. Levitsky, Esquire (No. 2092)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Ste. 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 656-2555
Outside Wilm. Area:
1-800-678-0303
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two (2) copies of the attached were served this 3rd day of October, 2006, upon the following individual, by U.S. Mail, postage prepaid, as follows: Lifeng Lee Hsu, 108 Cardinal Cir, Hockessin, DE 19707.

_____
Neal J. Levitsky, Esquire
Attorney for Defendants