IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lifeng Lee Hsu )<br>)<br>　　　Plaintiff )<br>)<br>vs. )<br>)<br>Great Seneca Financial Corporation, )<br>Wolpoff & Abramson, L.L.P. )<br>Fox Rothschild, L.L.P. )<br>Neal J. Levitsky )<br>)<br>　　　Defendants ) | Civil Action No.:   06-401 KAJ |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendants, Great Seneca Financial Corporation, Wolpoff & Abramson, L.L.P., Fox Rothschild, L.L.P., and Neal J. Levitsky, file this opposition to Plaintiff's motion to amend his complaint and as grounds thereof states as follows:

I.   STATEMENT OF FACTS

On June 23, 2006, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  In response to the Complaint, Defendants filed a Motion to Dismiss the Complaint under both Fed. R Civ. P 12(b)(1) and (6).  Defendants argued that because the state court action brought by Defendant Great Seneca Financial Corporation through its Delaware counsel resulted in a judgment against Plaintiff establishing he is liable for the outstanding balance on the credit account (Ds.' Mot. to Dismiss Ex. 1), the Rooker-Feldman doctrine, or in the alternative, the principles of res judicata bar Plaintiff's claims in the instant action.

On September 8, 2006, Plaintiff responded to Defendant's Motion to Dismiss and also filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(e). Defendants filed their Reply and Opposition to the Motion for Summary Judgment on October 3, 2006.

Despite moving for summary judgment in his favor, Plaintiff now moves for Leave to File a First Amended Complaint adding a count against Great Seneca Financial Corporation under the FDCPA; a claim of fraud against all Defendants; a claim of civil conspiracy against all Defendants; and a request for a declaratory judgment and punitive damages under his FDCPA cause of action.

II.  PLAINTIFF HAS ALREADY SOUGHT SUMMARY JUDGMENT IN THIS MATTER AND IS NOW PROCEDURALLY BARRED FROM SEEKING AN AMENDMENT TO HIS COMPLAINT

Prior to this Motion for Leave to File an Amended Complaint, Plaintiff responded to the motion to dismiss and further sought affirmative relief in the form of a motion for summary judgment against the Defendants. Where a motion for leave to amend is brought after a motion for summary judgment, leave to amend should be denied based on prejudice and undue delay to the non-moving party. Expedia Creditor Trust v. Credit Suisse First Boston (USA), Inc., 399 F.Supp. 2d 375 (S.D.N.Y. 2005) (holding that converting the complaint into a "moving target" and based on a party's efforts in opposing motion for summary judgment, such an amendment is improper); Key Airline, Inc. v. National Mediation B.D., 745 F.Supp. 749 (D.D.C. 1990) (Motion to amend complaint to add claims is properly denied after the filing of motion for summary judgment where the same claim could have brought in an earlier, more appropriate stage of litigation.)

After requiring Defendants to review the materials and submit a reply with opposition to his motion for summary judgment, Plaintiff now further attempts to convert this Complaint into a

2

"moving target" and muddy the waters by adding additional claims at this time despite the unreasonable prejudice to Defendants. Plaintiff should not be allowed to file amended pleadings, and play fast and loose with the procedural rules by trying to add claims at this stage of the proceeding. For this reason, this Court should deny his motion.

III. EVEN IF PLAINTIFF'S EFFORT TO AMEND HIS COMPLAINT IS PROCEDURALLY PROPER, THE MOTION FOR LEAVE SHOULD BE DENIED ON THE GROUNDS OF FUTILITY

A motion for leave to amend should be denied if brought in bad faith, if filed with delay, prejudice to the opposing party, or if it would be futile to grant the amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410 (3d Cir. 1997); Jablonski v. Panama and Rural Airways, Inc., 863 F.2d 280 (3rd Cir. 1988) ("Amendment of the complaint is futile if the amendment will not care the deficiency in the original or the amended complaint cannot withstand a renewed motion to dismiss.")

A.    Plaintiff's Proposed Amendment of FDCPA Claims Should be Denied as Futile

Plaintiff's proposed amendments are futile because he seeks to add claims that are barred by the FDCPA's one year statute of limitations. 15 U.S.C. § 1692k(d). The new claims filed on September 15, 2006 relate to a state court lawsuit filed in June 2005. Although an amendment to a complaint relates back to the original filing date where it "is permitted by the law that provides the statute of limitations applicable to the action." Fed.R.Civ.P.Rule 15(c)(1).  15 U.S.C. Sec. 1692k does not provide for amendments to relate back to the original filing date where the one-year has run before the motion for leave to amend has been filed. Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 157 (N.D.Cal. 2005)(stating that both motion and amended complaint should be filed before statute runs).

3

Plaintiff's new requests for relief under the FDCPA in the form of a declaratory judgment and for punitive damages are also futile because the FDCPA bars both these types of relief. See, Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004)(holding "injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA"); Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435, 440 (D.Conn.2003)(punitive damages not available under the FDCPA); Aronson v. Credittrust Corp., 7 F.Supp.2d 589, 594 (W.D.Pa. 1998).

B.   Plaintiff Has Failed to Allege a Basis of Jurisdiction as to Proposed Count II (Fraud) and Count III (Civil Conspiracy)

Plaintiff's proposed First Amended Complaint asserts jurisdiction only under 15 U.S.C. Sec. 1692k(d), which addresses claims under the FDCPA. (Mot. for Leave to Amed. ¶ 1). Plaintiff fails to allege what original or pendent grounds of jurisdiction permit this Federal Court to hear these common law tort claims based on state law. For this reason alone, his motion should be denied because the proposed amended complaint does not allege a basis for Federal jurisdiction over Counts II and III.

C.   Even if Plaintiff Has Established Jurisdiction, Plaintiff's Proposed Fraud and Civil Conspiracy Counts are Futile As Barred Under the Rooker-Feldman doctrine or the principles of Res Judicata

Plaintiff's proposed claims for fraud and civil conspiracy are futile because they are barred by the Rooker-Feldman doctrine or by principles of res judicata. As argued in Defendants' Motion to Dismiss, this Court lacks jurisdiction over claims that were, or could have been, raised in state proceedings, where the losing party may seek review through the state appellate process. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of

4

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482-84 n.16 (1983). Betts v. Townseds, Inc., 765 A.2d 531, 535 (Del.Supr. 2000)("*res judicata* bars a court or administrative agency from reconsidering conclusions of law previously adjudicated while collateral estoppel bars relitigation of issues of fact previously adjudicated.")

Plaintiff claims Defendants "conspired to induce me to a pay a debt now owed to Great Seneca Financial Corp. through collection letters and threatening of the lawsuit" and "Defendants also committed conspiracy by suing me" (P.'s Mot. to Amend. at 5). A lawsuit was brought against Plaintiff in the Court of Common Pleas for the State of Delaware, which entered a judgment holding Plaintiff liable for this debt and dismissing the counterclaim against Great Seneca Financial Corporation. (Ds.' Mot. to Dismiss Ex. 1-5.)

This state court judgment is conclusive as to Plaintiff's liability for the underlying credit account, the validity of the account owned by Great Seneca and Plaintiff's liability for the outstanding balance. The state court adjudicated the issues surrounding Plaintiff's account (Ds.' Mot. to Dismiss Ex. 1, 3-4) and Plaintiff continues to exercise his rights in the current appeal of the state court matter. (Ds.' Mot. to Dismiss Ex. 5.) If this Court were to rule that Plaintiff has a cause of action for violation of a federal debt collection act in connection with its pursuit of a judgment in state court, the ruling would operate as a determination that the state court judgment was in error, a result precluded by Rooker-Feldman doctrine and by res judicata principles. Because Plaintiff's issues were raised in the underlying legal action and a decision was entered, Plaintiff's claims are inextricably intertwined with the prior state court judgment and, thus, are barred. Plaintiff's Motion should be denied as these proposed amendments are futile.

D.    Plaintiff's Fraud Claim Also Fails to Satisfy the Pleading Requirements of Fed.R.Civ.P. Rule 9 and Should be Denied

WM1A 86790v1 10/09/06

Although Plaintiff states in the second proposed claim that Defendants are liable for fraud, his claim has not satisfied the stringent pleading requirements for fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". Fed. R. Civ. P. 9(b). See also, Warden v. McLelland, 288 F.3d 105, 114 n. 6 (3d Cir. 2002). The proposed amended complaint does not plead with any precision the allegations of fraud. The limited statements made about the account between the parties reference claims now barred by the Rooker-Feldman doctrine and doctrine of res judicata as discussed previously. Plaintiff fails to identify what fraudulent conduct occurred, how any Defendant induced him into reasonable reliance on any alleged false statements or how he was damaged. Based on the failure to plead with particularity a basis for a fraud claim, this proposed amendment is futile and is subject to dismissal.

IV.    CONCLUSION

Based on the foregoing reasons, Defendants request that this Court deny Plaintiff's Motion for Leave to Amend this Complaint.

                                  WOLPOFF & ABRAMSON, L.L.P.

BY:    /s/ Neal J. Levitsky, Esquire
        Neal J. Levitsky, Esquire (No. 2092)
        Fox Rothschild LLP
        Citizens Bank Center
        919 N. Market Street, Ste. 1300
        P.O. Box 2323
        Wilmington, DE 19899-2323
        (302) 656-2555
        Outside Wilm. Area:
        1-800-678-0303
        Attorney for Defendants

CERTIFICATE OF SERVICE

The undersigned hereby certifies that two (2) copies of the attached were served this 9th day of October, 2006, upon the following individual, by U.S. Mail, postage prepaid, as follows: Lifeng Lee Hsu, 108 Cardinal Cir, Hockessin, DE  19707.

/s/ Neal J. Levitsky, Esquire
Neal J. Levitsky, Esquire (No. 2092)
Attorney for Defendants

1

WM1A 86791v1 10/09/06