IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFENG LEE HSU | )<br>) |
| Plaintiff | )<br>)<br>) |
| v. | ) |
| GREAT SENECA FINANCIAL CORP.<br>WOLPOFF & ABRAMSON, L.L.P.<br>FOX ROTHSCHILD LLP<br>NEAL J. LEVITSKY | ) Case #: 1:06-cv-401 (KAJ)<br>)<br>)<br>)<br>)<br>) |
| Defendants | )<br>) |

FILED
OCT 1 7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO**

**PAINTIFF'S MOTION FOR LEAVE**

**TO FILE FIRST AMENDED COMPLAINT**

I.   INTRODUCTION

I, the Pro Se Plaintiff Lifeng Lee Hsu, filed my motion for First Amended Complaint on September 15, 2006. Defendants filed their Opposition on October 09, 2006 for the following reasons:

1. My Motion to Amend Complaint should be barred because I already sought summary judgment in this matter;

2. My proposed amendment should be denied because of the FDCPA's one year statute of limitations;

3. I failed to allege a basis of jurisdiction as to Fraud and Civil Conspiracy;

4. My proposed Fraud and Civil Conspiracy counts should be barred under the Rooker-Feldman doctrine or the principles of Res Judicata;

5. My Fraud claim fails to satisfy the pleading requirements of Fed.R.Civ.P. Rule 9.

I hereby present my replies to defendants' arguments.

## II.    ARGUMENTS

**1. My Motion To Amend Complaint Should Not Be Barred By My Cross-Motion For Partial Summary Judgment.**

Fed.R.Civ.P. Rule 15(a) provides "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served …." So far, defendants have not yet submitted any responsive pleading since a Motion to Dismiss under Rule 12 is not a responsive pleading. <u>Humes v. Del. Court of Common Pleas,</u> 2006 U.S. Dist. LEXIS 68729 (D. Del. 2006)  So, I am entitled to have my complaint amended as a matter of right.

Furthermore, I did not initiate the summary judgment. My Cross-Motion for Partial Summary Judgment was the logical defense against Defendants' Motion to Dismiss. When defendants filed their Motion to Dismiss asserting Rule 12(b)(6), this motion was treated as one for summary judgment under Rule 12(b). This rule is very logical. Defendants asserted that the letters they sent and the lawsuit they filed were not the violations of the law. In order for me to withstand their Motion to Dismiss under this assertion, I needed to prove it otherwise. So, my Cross-Motion for Partial Summary Judgment on these issues was the logical consequence to defendants' Motion to Dismiss. Besides, my cross-motion was not conclusive. Other issues related to 15 U.S.C. § 1692g were never addressed.

2. **My Proposed Amendment Should Not Be Denied By The FDCPA's Statute Of Limitations.**

The statute of limitations for Delaware Consumer Fraud is five years under 6 *Del. C.* § 2506 and Common Law Fraud is three years under 10 *Del. C.* § 8106. Even if the FDCPA's statute of limitations is to be applied, the time should not begin to run until January of 2006 when I was served the evidence, which revealed that Defendant Great Seneca was actually a debt collector. Without this evidence, I was unable to know that Defendant Great Seneca had purchased the defaulted debt, so before then I had no "complete and present cause of action". Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.,522 U.S. 192 (1997) This traditional discovery rule is reasonable on this issue because the time of service is easily determined. Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002)

3. **My Failure To Allege A Basis Of Jurisdiction As To Fraud And Civil Conspiracy Should Not Be The Cause To Deny My Motion.**

It was my oversight not to have cited this Court's supplemental jurisdiction provided by 28 U.S.C. § 1367. However, this oversight should not be the cause to deny my motion since the United States Supreme Court held:

> The Federal Rules of Civil Procedure reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive of the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

United States v. Hougham, 364 U.S. 310 (1960)

4. **Rooker-Feldman Doctrine And The Principles Of Res Judicata Are Not Applicable To This Case.**

This issue was already addressed in my 09/08/2006 Answering Brief that opposed Defendants' 08/23/2006 Motion to Dismiss. This Honorable Court also has a good coverage on the applicability of these doctrines in Acierno v. Haggerty, 2005 U.S. Dist. LEXIS 30353 (D. Del. 2005) So, I am not going to elaborate on this issue except to point out some of the apparent reasons why Rooker-Feldman doctrine, *res judicata* (claim preclusion), and *collateral estoppel* (issue preclusion) cannot be applied to this case:

1. There was no final judgment from the state court when this action was commenced;
2. This action and the prior state action have different claims;
3. Many issues were not even raised and argued on the merits in the prior action.

5. **My Fraud Claim Satisfies the Pleading Requirements of Fed.R.Civ.P. Rule 9.**

In Eames v. Nationwide Mut. Ins. Co., 412 F. Supp. 2d 431 (D. Del. 2006), this Honorable Court states '[A] plaintiff alleging a violation of the consumer fraud statute must show both "a false representation, usually one of fact, made by the defendant" and "damage to the plaintiff."' Paragraphs 13 to 16 of my Amended Complaint satisfy this requirement. My Civil Conspiracy claim also satisfies the three requirements listed in Eames. Furthermore, paragraphs 13 to 16 and 22 to 25 of my Amended Complaint satisfy the five requirements of Delaware common law fraud. Stephenson v. Capano Dev. Inc., 462 A.2d 1069 (Del. 1983).

Finally, Defendants argue that the declaratory judgment and punitive damages are not available under FDCPA. This is generally true, but they may be awarded when a defendant's misconduct is serious or aggravated[1]. Defendant Great Seneca engages in purchasing and collecting the defaulted debts for very high profits through the legal actions with assistant of Defendants W&A, Levitsky, and Fox Rothschild. Regularly filing suits against the powerless consumers with the knowledge of having no authority to do so is the abuse of our legal system. This misconduct is more serious when attorneys are involved. It is not only unethical but also the violation of the Delaware Lawyers' Rules of Professional Conduct. So, the declaratory judgment, available under 28 U.S.C. §§ 2201 and 2202, and punitive damages are very appropriate in this case.

### III.   CONCLUSION

For the reasons provided herein, Plaintiff respectfully requests that its Motion for First Amended Complaint be granted.

_____ 10/16/2006
Lifeng L Hsu (Pro Se Plaintiff)
108 Cardinal Cir
Hockessin, DE 19707-2044
(302)573-5458
LLH@DTCC.EDU

---

[1] D. Dobbs, 1 Law of Remedies § 311(1) (2d ed. 1993)

## CERTIFICATE OF SERVICE

I hereby certify that two (2) copies of Plaintiff's attached documents were served on the _16th_ day of October, 2006 on the following in the manner indicated below:

*Via U.S. Mail*

Neal J. Levitsky, Esq.
Fox Rothschild LLP
919 N. Market Street, Ste. 1300
Wilmington, DE 19899

                                                       Lifeng Lee Hsu (Pro Se Plaintiff)
                                                       108 Cardinal Cir
                                                       Hockessin, DE 19707-2044
                                                       (302) 573-5458
                                                       LLH@DTCC.EDU

Peter T. Dalleo, Clerk
United States District Court
844 King Street, Lockbox 18
Wilmington, DE 19801