IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lifeng Lee Hsu )<br>  )<br>    Plaintiff )<br>  )<br>vs. )<br>  )<br>Great Seneca Financial Corporation, )<br>Wolpoff & Abramson, L.L.P. )<br>Fox Rothschild, L.L.P. )<br>Neal J. Levitsky )<br>  )<br>    Defendants ) | Civil Action No.: 06-401 |

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

I.    BACKGROUND

Plaintiff filed a complaint his creditor, Great Seneca Financial Corporation and their attorneys, Wolpoff & Abramson, L.L.P., Fox Rothschild, L.L.P. and Neal J. Levitsky, Esquire alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq. arising for efforts to collect the debt owed by Plaintiff to Great Seneca. All Defendants move to dismiss the complaint (DE 7) arguing alternatively that this Court lacks subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) by virtue of the fact that the existing state court judgment entered in favor of Great Seneca against the Plaintiff bars this Federal action which amounts to a collateral attack of the state court judgment and/or that Plaintiff's complaint fails to set forth the cause of action under Fed.R.Civ.P. 12(b)(6) based on assertions that the Defendants violated the FDCPA by allegedly making false statements about the debt and/or by engaging in an unauthorized practice of law, despite the fact that Delaware counsel of record appeared in the state court proceeding. (DE 8). After filing a response to the motion (DE 14) Plaintiff moved to for leave to file a First Amended Complaint (DE 17). This Court granted the motion by way of

1

an oral order on March 12, 2007. Plaintiff's First Amended Complaint was then docketed the following day (DE 34).

## II.  THE AMENDED COMPLAINT

Plaintiff's Amended Complaint includes additional assertions that Defendant W&A is not a license to do business in Delaware and that its Delaware phone number is also the phone number used by Defendants Wolpoff, Rothschild and Neal J. Levitsky.

The Amended Complaint adds two additional claims for relief put in the form of causes of action for fraud (Amended Complaint, ¶¶ 22-25 and Civil Conspiracy) (Amended Complaint, ¶¶ 26-28). In support of the claim for fraud, Plaintiff claims that all Defendants presented the legal status of Defendant Great Seneca, that Great Seneca and W&A conspire to induced Plaintiff to pay a debt he did not owe, that all Defendants conspire to falsely represent its legal status in Delaware and conspired to force him to pay a debt he did not owe by suing him (Amended Complaint, ¶¶ 22-25).

Plaintiff's Civil Conspiracy claim asserts Defendants conspire to send him collection letter and threaten a suit, falsely represented the business and legal status of W&A and Delaware and committed conspiracy by suing him (Amended Complaint, ¶¶ 26-28).

Because Plaintiff's Amended Complaint suffers from the same infirmities of his initial complaint, Defendants renew their motion to dismiss the claim.

## III.  ARGUMENT

Defendants' initial motion to dismiss explained why this Court does not have subject matter jurisdiction over Plaintiff's claims which alleged that he has a cognizable Federal cause of action because Defendants attempted to collect the debt and sued him on that debt despite the fact he did not owe the obligation. The question of Plaintiff's liability on the debt has been

2

determined by the entry of a judgment in the Court of Common Pleas in and for New Castle County (Case No. 2005-06-493), see, Exhibit 1, DE 8.  This action was filed subsequent to the entry of judgment and by operation of the Rooker-Feldman doctrine, this Court lacks jurisdictions over claims that assert Federal causes of action by a losing party in state court. Under this doctrine, the losing party "is barred from seeking what in the substance would be an Appellate review of the state court judgment in the United States District Court."  Johnson v. De Grady, 512 U.S. 997, 1005 (1994).

The fact that Plaintiff has fashioned two additional causes of action in his Amended Complaint does not bearing this result.  Plaintiff's claim for fraud asserts that Defendants conspired to induce him to pay a debt he did not owe (Amended Complaint, ¶ 23).  Similarly, Plaintiff's new claim for Civil Conspiracy likewise asserts that the parties conspire against him by sending him collection letters and suing him (Amended Complaint, ¶¶ 26-28).

Plaintiff cannot proceed on these claims because he would be required to establish that the state court judgment was in error in order to prove the elements needed.  Accordingly, the Rooker-Feldman doctrine bars these additional causes of action, just as it bars Plaintiff's first cause of action articulated in his complaint and renewed in his Amended Complaint.

Plaintiff bears no matter by virtue of the additional factual allegations asserted in his Amended Complaint.  Although Plaintiff claims that "the business entity of Wolpoff & Abramson, L.L.P. does not exist in Delaware because it is not licensed to do business in Delaware, assuming arguendo that its failure to obtain a license is a violation of Delaware law, debt collection practices assertedly conducted in violation of state law are not deemed violations of the FDCPA.  Wave v. Regional Credit Association, 87 F.3d 1098 (9th Cir. 1996).

WM1A 97006v1 04/02/07

                WOLPOFF & ABRAMSON, L.L.P.

BY:   /s/ Neal J. Levitsky, Esquire
       Neal J. Levitsky, Esquire (No. 2092)
       Fox Rothschild LLP
       Citizens Bank Center
       919 N. Market Street, Ste. 1300
       P.O. Box 2323
       Wilmington, DE 19899-2323
       (302) 656-2555
       Outside Wilm. Area:
       1-800-678-0303
       Attorney for Defendants

WM1A 97006v1 04/02/07

CERTIFICATE OF SERVICE

The undersigned hereby certifies that two (2) copies of the attached were served this 1st day of April, 2007, upon the following individual, by U.S. Mail, postage prepaid, as follows: Lifeng Lee Hsu, 108 Cardinal Cir, Hockessin, DE 19707.

/s/ Neal J. Levitsky, Esquire
Neal J. Levitsky, Esquire (No. 2092)
Attorney for Defendants