IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFENG LEE HSU | ) |
| Plaintiff | ) |
| v. | ) C. A. No. 06-401-MPT |
| GREAT SENECA FINANCIAL CORP. | ) |
| WOLPOFF & ABRAMSON, L.L.P. | ) |
| FOX ROTHSCHILD LLP | ) |
| NEAL J. LEVITSKY | ) |
| Defendants | ) |

FILED
APR 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

### I. INTRODUCTION

This is the response to Defendants' motion to dismiss my First Amended Complaint that I received on 04/04/2007. The main argument that Defendants rely upon is the Rooker-Feldman doctrine. However, the applicability of the Rooker-Feldman doctrine and the reason why this case [and my amended complaint] cannot be dismissed were extensively addressed in my "Plantiff's Answering Brief" filed 09/08/2006. So, to preserve the valuable judicial resources, I shall briefly summarize the reasons why this amended complaint cannot be dismissed. For more details, I shall direct this Honorable Court's attention to the documents I previously filed.

### II. ARGUMENT

1. **Rooker-Feldman doctrine cannot apply because there was no final state-court judgment when this action was commenced.**

The judgment that Defendants rely upon was not final. The final judgment from the Court of Common Pleas was rendered 06/28/2006, but my Complaint was filed on 06/23/2006. The Delaware Supreme Court consistently held that the post-trial motions suspend the finality of a civil judgment[1] and that an aggrieved party can appeal to the higher court only after a final judgment is entered by the trial court.[2] So, it is very clear that this essential element of "final judgment" for the Rooker-Feldman doctrine to apply is missing[3]. Moreover, the "final judgment" under this doctrine is the one from the highest state court because the Rooker-Feldman doctrine, as explained in Exxon Mobil, was based upon "28 U.S.C.S. §1257--which lodges appellate jurisdiction to reverse or modify a state-court judgment exclusively in the Supreme Court". Currently, the state court case is being reviewed by the Superior Court of Delaware and is not yet decided.

2. **My Amended Complaint Satisfies the Rule 8(a) Pleading Requirements because it gives notice and the grounds upon which my claim rests.[4]**

_____ 4/10/2007
Lifeng L Hsu (Pro Se Plaintiff)
108 Cardinal Cir
Hockessin, DE 19707-2044
(302)573-5458
LLH@DTCC.EDU

---

[1] Anderson v. R.A. Midway Towing, 2006 Del. LEXIS 391; and Tomasetti v. Wilmington Sav. Fund Soc'y, FSB, 672 A.2d 61 (Del. 1996)
[2] Lipson v. Lipson, 799 A.2d 345 (Del. 2001)
[3] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)
[4] Nix v. Welch & White, P.A., 55 Fed. Appx. 71; (3d Cir, 2003)

## CERTIFICATE OF SERVICE

I hereby certify that two (2) copies of Plaintiff's attached documents were served on April 10, 2007 on the following in the manner indicated below:

*Via U.S. Mail*

Neal J. Levitsky, Esq.
Fox Rothschild LLP
919 N. Market Street, Ste. 1300
Wilmington, DE 19899

*[signature]*
Lifeng Lee Hsu (Pro Se Plaintiff)
108 Cardinal Cir
Hockessin, DE 19707-2044
(302) 573-5458
LLH@DTCC.EDU



Peter T. Dalleo, Clerk
United States District Court
844 King St., Lockbox 18
Wilmington, DE 19801

U.S.M.S.
X-RAY