## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| LIFENG LEE HSU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-401-MPT |
| | )        08-293-MPT |
| WOLPOFF & ABRAMSON L.L.P., | ) |
| et al., | ) CONSOLIDATED |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Lifeng Lee Hsu, Hockessin, Delaware.
Pro Se Plaintiff.

Neal J. Levitsky and Seth Andrew Niederman, Esquires, Fox Rothschild LLP,
Wilmington, Delaware.
Counsel for Defendants.

Dated: September 18, 2009
Wilmington, Delaware

**THYNGE, Magistrate Judge**

## INTRODUCTION

On May 19, 2008, Lifeng Lee Hsu ("Hsu"),[1] a pro se plaintiff, filed suit against

Wolpoff & Abramson L.L.P. ("Wolpoff & Abramson"),[2] Great Seneca Financial Corp.

("Great Seneca"),[3] Palisades Acquisition XVILLC ("Palisades"),[4] Fox Rothschild LLP

("Fox Rothschild"),[5] and Neal J. Levitsky, Esquire ("Levitsky")[6] (collectively,

"defendants").[7]  Hsu alleges violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.,* based on efforts to collect a debt for a Chase

MasterCard purportedly owed by Hsu to Palisades, as assignee of Great Seneca.[8]

Presently before the court are defendants' motion to dismiss, Hsu's response and cross

motion for summary judgment, and defendants' reply.[9]  For the reasons set forth below,

the court will grant defendants' motion to dismiss and will deny plaintiff's motion for

summary judgment.

## BACKGROUND

### A.    The State Action

On June 29, 2005, Levitsky and Fox Rothschild filed suit in the Court of Common

---

[1] Hsu is an individual residing in Hockessin, Delaware.

[2] Wolpoff & Abramson is a law firm located in Rockville, Maryland.

[3] Great Seneca is a Maryland corporation.

[4] Palisades Acquisition is located in New Jersey.

[5] Fox Rothschild is a Pennsylvania limited liability partnership having a law office in Wilmington, Delaware.

[6] Levitsky is an attorney and Office Managing Partner of Fox Rothschild's Wilmington, Delaware office.  He is counsel on behalf of all defendants.

[7] *Hsu v. Wolpoff & Amramson L.L.P.*, 08-293-MPT ("08-293")

[8] Hsu avers that on May 5, 2008, Wolpoff & Abramson sent a collection letter on behalf of Palisades, as assignee of Great Seneca, for $22,899.18.

[9] On February 24, 2009, the parties consented to the jurisdiction of Magistrate Judge Thynge in the present matter pursuant to 26 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Pleas for the State of Delaware in and for New Castle County ("CCP") on behalf of

Great Seneca (as assignee) against Hsu seeking payment on the balance due and

owing on a defaulted credit card debt ($11,616.00), together with interest at 24% per

annum from February 18, 2005 until paid plus court costs and attorney fees of 20%.

On August 17, 2005, Hsu filed an answer denying the debt and a counterclaim

alleging that Great Seneca violated the FDCPA by allegedly continuing collection

attempts before providing written verification of the debt. On August 30, 2005, Great

Seneca filed a motion to dismiss Hsu's counterclaim denying that any of its actions

amounted to "collection activity" and contending that Great Seneca is not a debt

collector. It stated that the FDCPA does not apply because Great Seneca is the owner

of the debt and is thus a creditor. Great Seneca asserted that, even if the FDCPA were

to apply, "[Hsu] has not alleged [Great Seneca] wrote to or spoke with [Hsu] in an effort

to recover the outstanding balance." On September 30, 2005, the CCP dismissed

Hsu's counterclaim alleging violation of the FDCPA without prejudice. On December

30, 2005, Great Seneca filed a motion for summary judgment and on January 18, 2006,

Hsu filed an opposition to that motion for summary judgment and a cross-motion for

summary judgment.

On May 17, 2006, the CCP granted Great Seneca's motion for summary

judgment and denied Hsu's motion for summary judgment. Hsu then filed a motion with

the CCP to amend its judgment alleging an inconsistency between Great Seneca's

affidavits and his own affidavit.[10] The CCP denied the motion on June 28, 2006. The

---

[10] Great Seneca's affidavit identified Hsu as the owner of a "Chase Freedom
Gold MasterCard," while Hsu's affidavit identifies his account as a "Shell MasterCard

2

CCP clarified that Hsu is solely responsible for the debt and Great Seneca, as a debt

collector, was not barred under the FDCPA from filling suit against Hsu.  In addition, the

CCP stated that before it issued the order, it reviewed the record and "fairly and

diligently considered all evidence presented by both parties, thus providing [Hsu] with

'two bites of the apple.'"

Hsu appealed the decisions of the CCP to the New Castle County Superior

Court.  On June 7, 2007, the Superior Court affirmed in part and reversed and

remanded in part the CCP decision after finding that there remained an issue of fact as

to whether Hsu timely mailed a letter requiring the collection efforts to temporarily cease

under 15 U.S.C. § 1692g(b).  The Superior Court, however, agreed with the CCP's

findings that Hsu was the debtor on the account and that Great Seneca was a debt

collector for purposes of the FDCPA.  The Superior Court's order concluded that:

> This Court finds that the CCP's findings of fact are the product of an
> orderly and logical[] deduction process, *with one exception*.  This Court
> concludes that a genuine issue of material fact has been raised as to
> whether [Hsu's] letter, dated March 21, 2005, was timely mailed so as to
> require that collection efforts temporarily cease.  The Court further finds
> that the March 21, 2005 letter was sufficient notice that the debt was
> disputed pursuant to 15 U.S.C. § 1692g(b).  *All other legal and factual
> findings of the CCP are hereby **AFFIRMED**.*  The judgment of the CCP is
> **AFFIRMED** in part and **REVERSED** in part and the case is **REMANDED**
> for further proceedings.[11]

Hsu then appealed to the Delaware Supreme Court who denied the appeal on October

25, 2007 for failure to comply with Delaware Supreme Court Rule 42.[12]

Thereafter, on April 4, 2008, Great Seneca filed a motion with the CCP to modify

from Chase."  Hsu also directed the CCP to a treatise and case law on the FDCPA.
[11] Italicisation added.
[12] Delaware Supreme Court Rule 42 addresses interlocutory appeals.

the summary judgment order of May 17th, requesting that the order reflect the monetary amounts of the judgment.[13] The following month, Hsu received a letter, dated May 5, 2008, from Wolpoff & Abramson, on behalf of Palisades and Great Seneca, requesting payment in the amount of $22,899.18.[14] At a hearing on June 27, 2008, the CCP addressed both the issue on remand from the Superior Court and Great Seneca's motion to modify the summary judgment order. The CCP concluded that Hsu could not prove that he had sent a letter to Great Seneca disputing the debt within the thirty-day period and ultimately entered a modified judgment in favor of Great Seneca in the amount of $11,616.00 with interest at the legal rate from February 18, 2005 until the debt is paid and court costs.[15]

## B.  The Federal Action

Hsu had previously filed a similar action in federal court alleging violations of the FDCPA on June 23, 2006 against the same defendants, except for Palisades, that also included claims of fraud and civil conspiracy. In *Hsu v. Great Seneca Financial Corp.,* 06-401-MPT ("06-401"), defendants moved to dismiss the complaint on July 11, 2008. Defendants argued that Hsu's complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, Fed. R. Civ. P. 12(b)(6), and the doctrine of *res judicata* and collateral estoppel. On January

---

[13] The CCP order granting summary judgment initially read that judgment be entered "for the full amount of the complaint." Great Seneca, however, was unable to execute on the judgment because the exact monetary amount was not referenced.

[14] The amount was apparently determined by adding the debt amount ($11,616.00) with interest at 24% per annum from February 18, 2005 until paid, court costs and attorney fees of 20%.

[15] According to the CCP docket, counsel for Great Seneca waived attorney fees, and agreed to change the interest from the contract rate to the legal rate.

4

5, 2009, this court issued a Memorandum Order denying defendants' motion to dismiss as to the 15 U.S.C. § 1692g(b) violation claim, but granting the motion to dismiss on the remaining claims of Hsu's complaint.[16]  Therefore, only one claim under the FDCPA survived in the 06-401 matter.  That companion action and the present action were consolidated on March 31, 2009.[17]

Hsu later filed C.A. No. 08-293 primarily in response to the letter he received from Wolpoff & Abramson on May 5, 2008 requesting payment of judgment in the amount of $22,899.18.[18]  Hsu alleges that the letter violates 15 U.S.C. §§ 1692e(2),[19] 1692e(10),[20] and 1692f(1).[21]  In response, defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that "at the times complained of . . ., there was a valid judgment against [Hsu] on the debt."  Hsu subsequently filed a cross-motion for summary judgment.

## STANDARD OF REVIEW

### Motion to Dismiss Rule 12(b)(6)

---

[16] The court barred Hsu's claim for violation of the FDCPA pursuant to the doctrine of *res judicata*, collateral estoppel, and failure to state a claim upon which relief may be granted under Fed R. Civ. P. 12(b)(6).  The court concluded that the *Rooker-Feldman* doctrine did not apply to the matter since no final judgment had been entered at the time of the opinion on the issue remanded to the CCP by the Superior Court.

[17] C.A. No. 06-401 is the lead case.

[18] See *supra* note 14.

[19] 15 U.S.C. § 1692e(2)(A) prohibits: "(2) The false representation of--(A) the *character, amount or legal status* of any debt . . . ."  (emphasis added).

[20] 15 U.S.C. § 1692e(10) provides that, "(10) The use of false representation or deceptive means to collect or attempt to collect any debt. . . ." is a violation of the FDCPA.

[21] 15 U.S.C. § 1692f(1) states, "(1) The collection of any amount [] . . . *unless* such amount is *expressly authorized by agreement* creating the debt or *permitted by law*."  (emphasis added).

5

In analyzing a motion to dismiss under Rule 12(b)(6), a review of Rule 8(a)(2) is necessary. It requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[22] Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[23] The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[24] Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to accept as true all material allegations of the complaint.[25] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[26] A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[27]

To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the

---

[22] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

[23] *Id.,* citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6).

[24] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[25] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

[26] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).

[27] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

assumption that all the allegations in the complaint are true (even if doubtful in fact)."[28] A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond "labels and conclusions."[29] Heightened fact pleading is not required: rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[30] The plausibility standard does not rise to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."[31] Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[32] Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[33] Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss," which is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[34] Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show that "' the pleader is entitled to relief,'" under Rule 8(a)(2).[35] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine

---

[28] *Twombly*, 550 U.S. at 555; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).

[29] *Twombly*, 550 U.S. at 555.

[30] *Id.* at 570.

[31] *Iqbal*, 129 S. Ct. at 1949.

[32] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).

[33] *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

[34] *Id.* at 1950.

[35] *Id.*

7

whether they plausibly give rise to an entitlement of relief."[36]

Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.[37]

### Summary Judgment

Summary Judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[38]  Once there has been adequate time for discovery, Rule 56(c) mandates judgment against the party who "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[39]  The moving party is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[40]  A dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[41]

The moving party bears the initial burden of identifying portions of the record which demonstrate the absence of a genuine issue of material fact.[42]  "The burden on

[36] *Id.*
[37] *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).
[38] Fed. R. Civ. P. 56(c).
[39] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[40] *Id.* at 323.
[41] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[42] *Celotex*, 477 U.S. at 323.

8

the moving party may be discharged by 'showing' – that is, pointing out to the district

court – that there is an absence of evidence supporting the nonmoving party's case."[43]

If the moving party has demonstrated an absence of material fact, the nonmoving

party must then "come forward with specific facts showing that there is a genuine issue

for trial."[44]  If the nonmoving party bears the burden of proof at trial, he "may not rest

upon the mere allegations or denials of his pleadings, but must set forth specific facts

showing that there is a genuine issue for trial."[45]  At the summary judgment stage, the

court is not to "weigh the evidence and determine the truth of the matter, but to

determine whether there is a genuine issue for trial."[46]  The threshold inquiry therefore is

"determining whether there is a need for trial – whether, in other words, there are any

genuine factual issues that properly can be resolved only by a finder of fact because

they may reasonably be resolved in favor of either party."[47]

The standard does not change merely because there are cross-dispositive

motions.[48]  Such cross-motions

are no more than a claim by each side that it alone is entitled to summary
judgment, and the making of such inherently contradictory claims does not
constitute an agreement that if one is rejected the other is necessarily justified or
that the losing party waives judicial consideration and determination whether
genuine issues of material fact exist.[49]

Moreover, "[t]he filing of cross-motions for summary judgment does not require the court

---

[43] *Id.* at 325.

[44] Fed. R. Civ. P. 56(c).

[45] *Anderson*, 477 U.S. at 248.

[46] *Id*. at 249.

[47] *Id*. at 250.

[48] *Appleman's v. City of Philadelphia*, 826 F.2d 214, 216 (3d Cir. 1987).

[49] *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968).

9

to grant summary judgment for either party."[50]

## DISCUSSION

In support of his claim for violations of the FDCPA, Hsu alleges that:

11. On 01/03/08 and 05/02/08, Defendants Levitsky, Fox Rothschild, [Wolpoff & Abramson], and Great Seneca atternpted to collect 24% arınual interest rate and 20% of court costs and attorneys fees out of the principal amount of $11,606 through a motion to modify the 05/17/06 CCP Summary Judgment Order . . . .

12. In addition to the Superior Court order, I informed Defendants Levitsky, Fox Rothschild, [Wolpoff & Abramson], and Great Seneca on 1/7/2008 and 4/14/2008 (1) that this case was remanded by the Superior Court order and was being returned to CCP for further proceedings, (2) that 24% interest rate was not a legal rate set by the state of Delaware, and (3) that under American rule and Delaware law, each litigant shall pay for its own litigation costs unless the prevailing party can show that the losing party is contracted to pay for those expenses.

13. On May 05, 2008 Defendant [Wolpoff & Abramson] sent me a collection letter with the title of "PALISADES ACQUISITION XVI, LLC ASSIGNEE OF GREAT SENECA FIN." And, the balance requested was $22,899.18 . . . .

Paragraphs 12 and 13 of the complaint allege violations of §§1692e(2),

1692e(10), and 1692f(1) of the FDCPA. Only if the letter mailed to Hsu on May 5, 2008

misrepresented the amount or status of the debt, would defendants be in violation of the

FDCPA.

After thorough review of the various proceedings in this court and in state court,

the aforementioned allegations must be dismissed for failure to state a claim. As to

§§ 1692e(2) and 1692e(10), the complaint fails to state a claim because there is no

---

[50] *Krups v. New Castle County*, 732 F. Supp. 497, 505 (D. Del. 1990).

10

false representation of "the character, amount or legal status" of that debt;[51] nor is there a "false representation or deceptive means" to collect the debt.[52] Hsu's most recent complaint also fails to state a violation of § 1692f(1) since the amount was "expressly authorized by agreement . . . or permitted by law."[53]

On May 17, 2006, the CCP granted judgment in favor of Great Seneca "for the full amount of the complaint."[54] Primarily because the judgment failed to provide a specific monetary amount, Great Seneca filed on April 4, 2008 a motion to revise the summary judgment order of the CCP to reflect the damages specified in its complaint.[55] As confirmed in the present matter under consideration, Great Seneca requested in that motion for the CCP to enter judgment in the amount of the default credit card debt ($11,616.00) with interest at 24% per annum from February 18, 2009 until paid, plus court costs and attorney fees of 20%.

Therefore, when the "collection letter" of May 5, 2008 was sent, defendants had a valid judgment against Hsu, which had been affirmed by the Superior Court on June

---

[51] *See Dutton v. Wolhar*, 809 F. Supp. 1130, 1135 (D. Del. 1992) (the court must first determine what the representation was and then whether the representation was false with regards to "the character or legal status of the debt").

[52] *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1211 (N.D. Ga. 2007) (finding that misrepresentation of the judgment amount constituted a false representation under the FDCPA).

[53] *McCammon v. Bibler, Newman & Reynolds, P.A.*, 515 F. Supp. 2d 1220, 1227 (D. Kan. 2007) (plaintiffs must attempt to explain or show why defendants were prohibited from collecting on a state court judgment ordering plaintiff "to pay court costs and interest on the debt").

[54] The CCP determined, and the Superior Court affirmed, that Hsu is responsible for the debt at issue.

[55] According to Great Seneca's motion to modify summary judgment, Great Seneca had attempted to execute on the judgment but was unsuccessful because the CCP order of May 17, 2006 "did not reference the monetary amounts of the judgment."

7, 2007, "for the full amount of [Great Seneca's] complaint." The only issue remaining
was whether Hsu mailed a letter within thirty-days disputing the debt. That issue only
addressed Hsu's counterclaim, which alleged violations of the FDCPA,[56] and would not
(and did not) effect Great Seneca's judgment in CCP. Moreover, at the hearing on June
27, 2008, when the CCP addressed that sole issue, as remanded by the Superior Court,
it concluded that Hsu failed to show by a preponderance of the evidence that he had
timely sent the debt dispute letter. Based on that finding, the court further concluded
that there was "no reason why the collection efforts [of Great Seneca] should have ever
ceased."[57] Although the original order of CCP was modified during the June 27 hearing
by reduction of the judgment amount,[58] at the time of the letter of which Hsu complains
in this court, the judgment awarded in CCP against him and in favor of Great Seneca
was valid and included *all* damages as requested in its complaint. As a result,
defendants' letter of May 5, 2008 does not contain a false representation, and therefore,
does not violate the FDCPA.

## CONCLUSION

Based upon the foregoing analysis, defendants' motion to dismiss is **GRANTED**
and plaintiff's motion for summary judgment is **DENIED**.

---

[56] The same alleged violations of the FDCPA had also been raised by Hsu in this
court in his original action, which included a claim regarding defendants' conduct in
relation to the debt dispute letter. Hsu has attempted to litigate essentially the same
issues under the FDCPA in two courts – CCP and this court.

[57] In essence, the CCP concluded that Great Seneca did not violate the FDCPA
and denied Hsu's counterclaim.

[58] The CCP order on June 27, 2008 provides, "Great Seneca's attorney waived
attorney fees and agrees to change from contract rate to legal rate of interest."